Koontz v. The State, *ex rel.* Wier *et al.*

---

KOONTZ v. THE STATE, EX REL. WIER ET AL.

SCHOOL-HOUSE.—*Location of.—Mandate.*—A township trustee cannot by mandate be required to locate and build a school-house on land that does not belong to the township, notwithstanding the county examiner, on an appeal from his decision, has rendered a judgment requiring him to erect a school-house on said land.

SAME.—It is not enough that a petition by certain inhabitants of the proper school district to the trustee, praying for such location and building, states that the land will be deeded to the township on the acceptance of the location by the trustee and his order to build.

SAME.—A township trustee has power to change the location of a school-house after it has been established by the school examiner on an appeal to him from the decision of the trustee.

| 44 | 323 |
| 155 | 157 |
| 44 | 323 |
| 166 | 140 |
| 44 | 323 |
| 171 | 294 |

From the Delaware Circuit Court.

*C. E. Shipley,* for appellant.

*J. S. Buckles* and *J. W. Ryan,* for appellees.

WORDEN, J.—Mandate by the appellee against the appellant, to require the latter, who was a township trustee, to proceed with the erection of a certain school-house. There was a demurrer to the complaint, assigning, among other things, the want of a statement of sufficient facts, but it was overruled, and an exception taken.

Such further proceedings were had as that final judgment was rendered for the plaintiff, and a peremptory mandate ordered.

The complaint alleges that the relators, "on the 13th day of February, 1871, filed their petition with the defendant,

trustee," etc., "for the erection of a certain school-house in said Mount Pleasant township, upon a certain, site in said petition described, to cost not more than a sum therein specified; that at the time of the presentation of said petition, the signers state the plaintiffs were and are now patrons of the public schools in said township, entitled to petition the trustee of said township for the erection of a school-house; that they are inhabitants of that part of Mount Pleasant township constituting school district No. 1, and had children who were entitled to the benefits of common schools of said township; that believing there was not a school-house conveniently located, they petitioned the said trustee for the building of one as aforesaid; that when said petition was presented to said trustee, he refused the prayer thereof, from which decision by him so made the plaintiffs appealed to the proper school examiner of said county, as provided by law, and after a full hearing of said cause by said examiner, the decision of said trustee was not concurred in, but in all things reversed, and said trustee ordered to proceed to comply, without delay, with the judgment so rendered; a copy of said judgment, together with the specifications of said building, certified by said examiner, was duly sent to said trustee, a copy whereof is filed herewith; that instead of complying with the judgment and orders of said examiner, as required by law, he has refused and still refuses to do or perform any act whatever in the direction of a compliance with said judgment and order. And that, by reason of the great necessity existing for said house, said petitioners were desirous to have the said house prepared for occupancy before the close of the present season; that without it a large portion of the children of the plaintiffs will be deprived of their school and the benefit of their just proportion of the public funds; that the plaintiffs desire said house as soon as the same can be built; wherefore they ask that a writ of mandate issue," etc.

A copy of the petition to the trustee is set out in the transcript, but it is not professedly made a part of the com-

plaint and cannot be regarded as such. But the judgment of the examiner is filed with the complaint, and is as fol-lows:

"And on the 3d day of May, 1871, the day appointed for the hearing of said appeal, come said petitioners and said trustee before me, and on issue joined upon said appeal said parties proceed to trial; and after hearing the evidence *pro* and *con* in said case, the examiner finds that the school-house prayed for in said petition is necessary for the convenient accommodation of the children entitled to school privileges in said district No. 1 in said township; and the site for its location being unobjectionable, he adjudges and decrees that said trustee build and furnish said house according to the terms of said petition, and that he proceed with said work forthwith. Given under my hand," etc.

The petition to the trustee, as set out in the transcript, refers to the site of the proposed school-house as follows: "Upon the following described site or location, upon the attached plan and specifications, which, if accepted by your excellency, will be donated in fee to the township." Then, in the specifications, the site is described as follows: "This house to be situated and located on the north-west corner of Martin J. Williamson's land, twenty-five rods off Alexandria and Muncie pike, and on the road leading north to the Delphi pike."

It is objected that the complaint is bad, because it does not sufficiently describe the land, on which the house was to be built. The north-west corner of Martin J. Williamson's land is a description that might possibly be made certain. It might, perhaps, be ascertained what land Martin J. Williamson owned lying within the vicinity of the pikes mentioned. But without determining upon the sufficiency of the description, we proceed to another objection that seems to us to be fatal to the complaint. By what authority can a township trustee be required to proceed to the erection of a school-house upon the land of a private individual? Without some authority from the owner, he would be

a trespasser in so doing, and liable to an action for damages.

The complaint does not show that Martin J. Williamson had donated or sold the land to the township, or given any consent or license for the erection of the house. The petition to the trustee was signed by one M. J. Williamson, but we cannot assume, even if the petition were to be regarded as a part of the complaint, that he was the Martin J. Williamson upon whose land the house was to be located. The petition says that the site, "if accepted by your excellency," the trustee, " will be donated in fee to the township." The owner of the land cannot be held as vouching for the donation, unless we assume that he is the same man that signed the petition under the name of M. J. Williamson. Again, the trustee did not accept the site, and it may be doubtful whether the proposal to donate the land should be construed beyond the terms employed in the petition. M. Johnson Williamson was originally named as one of the relators in this case, but he afterward filed a written dismissal thereof so far as he was concerned, under the name of M. J. Williamson.

Assuming that Martin J. Williamson, M. Johnson Williamson, and M. J. Williamson are one and the same person, his dismissal of the action so far as he was concerned may be taken as a circumstance tending to show some change of purpose on his part. There is nothing in the record which binds him to the proposed donation.

In the absence of any showing of a right, on the part of the school authorities, to build the house on the land mentioned, we think it was clearly erroneous to require the trustee, by mandate, to proceed with the building, and that the demurrer to the complaint should have been sustained.

The defendant filed an answer of several paragraphs, to all of which demurrers were sustained, except the general denial which was withdrawn, but we deem it unnecessary to notice, more than one. The substantial part of the third paragraph is as follows : " That upon the 4th day of October,

1871, the citizens, tax payers, and legal voters at school meetings in said school district and township, the patrons of the schools held in said district, presented to this defendant as such trustee a petition signed by them, a copy whereof is herewith filed and made a part of this paragraph, asking him, by virtue of the power of his said office, to change the location of the school-house by said examiner ordered to be erected, from the site where so ordered to the north-west corner of the west half of the south-west quarter of section twelve (12), in township twenty (20) north of range nine (9) east, on the land of James R. Williamson, in Mount Pleasant township, Delaware county, Indiana, and to erect thereon a good and sufficient school-house, and to sell the old school-house then in said district; that said petition was signed by a majority of all the tax payers and property owners in and attached to said school district entitled to vote at school meetings therein; that upon the reception of said petition in his capacity as such trustee, this defendant took the same under consideration, and on the 5th of October, in the year 1871, decided that the prayer of said petition be granted, and the location of the school in said district should be changed from the site where located by the decision of the said school examiner to the" (here the location is described as in the petition), "before named, as prayed for in said petition, and thereupon entered said petition and decision upon the official records of the trustee of said township, and he files a copy of said record herewith and makes the same a part of this paragraph; he further says that said decision stands in full force, unrevoked, unreversed, and unappealed from. The defendant further says that the location so last established by said trustee is the site best adapted to the school wants and necessities of said district, and is the one demanded by a large majority of the tax payers, property owners, and legal school voters of said district; that but one school-house is needed in said school district to accommodate the pupils therein, and the site so selected by the trustee is the best and most available therefor."

" The question presented by this paragraph is, whether a township trustee can change the location of a school-house after it has been established by the school examiner on appeal to him from the decision of the trustee. We think he can. By section 10 of the school law, 3 Ind. Stat. 443, it is made the duty of trustees, among other things, to " establish and locate, conveniently, a sufficient number of schools, \* \* \* and build or otherwise provide suitable houses," etc.

By section 26, school meetings are authorized " to petition the township trustee for the removal of their school-house to a more convenient location," etc., but it is provided that nothing therein contained shall prevent the trustee from exercising a sound discretion as to the propriety or expediency of making such removal.

Section 164 of the act authorizes an appeal from the trustee to the school examiner, and the decision of the examiner upon all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair, or removal of school-houses, is made final.

The decision of the examiner is, doubtless, final so far as the particular case before him is concerned. But when the examiner, upon a case appealed to him, has established the location of a school-house, is that location to be forever thereafter permanent? Is there no power left in the trustee, for it must be in him if in any one, to subsequently change the location, in order to meet the varying wants of the district? We must hold that the location thus made by the examiner shall forever remain unalterably fixed, or that it may be subsequently changed by the trustee. If it may be changed by the trustee at all, it may be done at any time after the action of the examiner. Mere lapse of time, whether long or short, cannot affect the question. As before observed, we think it clear that the trustee can make the change. Doubtless, his act in doing so is subject to an appeal again to the examiner; and it is objected that this construction, instead of fixing the locality of the school-house, will keep it vibrating, like a pendulum, between the

places respectively selected by the trustee and the examiner. This is one of the evils that may be remedied either by some change in the law, or by the selection of officers that will act in some degree harmoniously.

In the case before us, if the trustee had granted the original petition, there can be no doubt that he might subsequently have changed the location of the house; and it seems to us just as clear that he had the same right to change it, though established by the examiner on appeal. We may further remark that, from the allegations of the answer, the change seems to have been judiciously and properly made. The paragraph of the answer we have been considering was good, and the demurrer to it should have been overruled.

The judgment below is reversed, with costs; and the cause is remanded, for further proceedings not inconsistent with this opinion.