The State, ex rel. Evans, v. Mewhinney, School Trustee.

---

THE STATE, EX REL. EVANS, *v.* MEWHINNEY, SCHOOL TRUSTEE.

COMMON SCHOOLS.—*Location of School-House, by Trustee.—Appeal to, and Decision by, County Superintendent.—Res Adjudicata.*—On appeal, a county superintendent reversed the decision of a township trustee, locating a school-house. Again, on appeal, he reversed another decision by such trustee, refusing to locate the school-house at a place designated by the superintendent in his first reversal. Thereupon the trustee located the same at an entirely different place, but near where he had first located it.

*Held*, that an injunction preventing such location will not lie.

*Held*, also, that a county superintendent can not make such location, and that even his decision, on appeal, against a location, is final only for the time.

From the Decatur Circuit Court.

*W. A. Moore*, for appellant.

*J. D. Miller* and *F. E. Gavin*, for appellee.

BIDDLE, J.—Complaint by appellant, against the appellee, school trustee of Sand Creek township in Decatur county.

Demurrer, for want of facts, overruled to complaint.

Answer, general denial, and special paragraph. Demurrer to special paragraph, for want of facts, overruled. Exceptions reserved on both rulings.

We thus summarily state the pleadings, as we shall examine the case on the facts, which will substantially show the averments in the special paragraph of answer.

Trial by the court, and finding for the appellee. Appeal.

On the 17th day of March, 1877, certain resident citizens and tax-payers petitioned the appellee, as school trustee, to establish a certain school district, and build a school-house therein, upon which petition he established school district number nine, located the school-house, and contracted for its building. From this decision of the trustee, the relator appealed to the county superintendent, who affirmed the decision as to the establishment of the school district, and the building of the school-house, but refused to affirm it as to the location of the school-house.

On the 1st day of October, 1877, other resident citizens and tax-payers petitioned the appellee, as such trustee, to locate the school-house at a particular place described, which had been suggested in the decision of the county superintendent. The appellee refused to locate the school-house at the place described in the petition. From this decision, an appeal was taken to the county superintendent, and the decision reversed. On the 1st day of November, 1877, the appellee, as school trustee, located the school-

house on certain other described lands purchased by the school township for the purpose, which location is about one hundred and fifty yards from the first location made by said township trustee, and, on appeal, disapproved by the county superintendent, and proceeded to build the school-house thereon.

The present complaint is brought to perpetually enjoin the building of the school-house on the last mentioned location, and for other relief. The facts proved on the trial, as above stated, are substantially the same as those averred in the second paragraph of answer.

In this court, errors are assigned, under which it is contended by the appellant, that, under section 164 of the common schools act, the decision of the county superintendent on the first appeal was final, and that the township trustee could not relocate the school-house on the same place, nor within one hundred and fifty yards of it, which he insists is practically at the same place. He also contends that the school-house should be built where the county superintendent directed it to be located upon the second appeal, and where the township trustee had refused to locate it, and that that decision was also final.

We can not approve of this view of the statute. Section 10 of the common schools act, 1 R. S. 1876, p. 782, declares that:

" The trustees shall take charge of the educational affairs of their respective townships, towns and cities, employ teachers, and shall establish and locate, conveniently, a sufficient number of schools for the education of the white children therein, and build or otherwise provide suitable houses, furniture, apparatus and other articles and educational appliances necessary for the thorough organization and efficient management of said schools."

Section 26, 1 R. S. 1876, p. 787, declares, as does also section 164, 1 R. S. 1876, p. 814, that the decision of the

county superintendent, on appeal from the township trustee, shall be final; yet the concluding proviso of section 26 declares:

"That nothing herein contained shall prevent the trustee from exercising a sound discretion as to the propriety or expediency of making such repairs, removing or erecting school-houses, and the cost thereof."

It may be that an appeal from the trustee to the superintendent, disapproving the location of a school-house by the trustee at a particular place, and at that time, is final, as in the first appeal stated in this case; yet we can not hold that a relocation of the school-house one hundred and fifty yards away from the first location is any violation of the superintendent's decision. Such a distance, for any thing this record shows us, might have removed all the objections made by the superintendent to the first location. But to hold the second decision of the superintendent, directing the trustee to locate the school-house at a particular place, final, would be directly against section 10, and the proviso in section 26, which entrust the location of a school-house to the discretion of the trustee; nor can we find any authority in the act authorizing the county superintendent to make such a decision, or in any way interfere, affirmatively, with the trustee in selecting a location for a school-house. It would be against the scope and purpose of the school law to hold, that, when a school-house is once located by the decision of the county superintendent at a particular place, it must remain there for all time; nor can we hold that the decision of the county superintendent refusing to locate a school-house at a given point would forever prevent its location there, if the interests of the township in its advancement should afterwards require it. *Koontz* v. *The State, ex rel.*, 44 Ind. 323.

The judgment is affirmed, at the costs of the relator.