No. 10,673.

THE STATE, EX REL. BODE, *v.* SHERMAN, SCHOOL
TRUSTEE.

| | |
|---|---|
| 90 | 123 |
| 149 | 254 |
| 90 | 123 |
| 164 | 387 |

SCHOOLS.— *School-Houses.*— *Township Trustee.*— *Mandate.*— *County Superintendent.*—A school trustee has no lawful authority to provide furniture for a room for school purposes, or employ teachers for service therein, unless such room is owned or leased by the school township, and even if the county superintendent, on appeal, direct him to do so, he may properly disobey the order, and mandate will not lie to compel him to obey it.

SAME.—*Abolishing School Districts.*—After a school trustee has, on appeal, been ordered by the county superintendent to provide furniture for the school-house of a district, he may at once abolish the district and provide proper school facilities for the people thereof in other districts, and then disregard the order of the superintendent.

From the Noble Circuit Court.

*H. G. Zimmerman* and *T. M. Eells,* for appellant.

*J. H. Baker, J. A. S. Mitchell* and *L. W. Welcker,* for appellee.

HAMMOND, J.—The legal voters who were patrons of school district No. 16, in Allen township, Noble county, held a school meeting on August 5th, 1882, at which the appellant's relator presided as director of the school district. At this meeting the following proceedings were had : " On motion of Fred Kreinbrink, it was resolved that this meeting hereby petition the trustee of the township for an additional teacher. On motion of Fred Bork, it was resolved that this meeting hereby petition the trustee of the township to furnish a full set of seats and desks for two rooms for the school-house, the same to cost about $5 each, or, in the aggregate, $300. On motion of Fred Kreinbrink, it was resolved that the meeting petition the trustee of the township to take action on the two preceding resolutions as soon as possible, and before the next term of school commences."

These proceedings were duly certified to the appellee as school trustee of the township. He declined to comply with

the requests of the meeting.    An appeal was taken from his decision to the county superintendent.  The latter reversed the. decision of the trustee, and directed him to furnish the seats and employ the additional teacher as requested by the meeting.  The appellant's complaint in this case was then filed by way of mandate to require the appellee, as school township trustee, " to furnish a full set of seats and desks for two of the rooms in said building, and to employ additional and sufficient teachers for said school 16."

It was averred in the complaint that the trustee had refused to obey or carry into effect the decision of the county superintendent.

In return to the alternative writ of mandate which was issued, the appellee answered, substantially, as follows:   That the school-building in question and the real estate whereon it was situated, belonged not to the township, but was the private property of an individual, who had absolute control over it, and who had not leased it to the township, nor authorized the township to use it for public school purposes; that the township had no legal right to occupy it for school purposes or otherwise, and that the appellee had no right whatever to take possession of it; that said building was occupied and used as a private residence and for a private school; that for about three years last past, by the license and permission of the owner of the building and the persons having control of it, the same had been at certain times used for common school purposes by said school township, the last use thereof for such purposes being in June, 1882, but that the township at no·time had a lease or contract for the possession of said building, and that such use by the township was merely by sufferance of the owner ; that said school district number 16 never had a school-building, owned or leased by the township; that before the appellee rendered his aforesaid decision refusing to furnish seats for, or to employ a teacher in, said building, he had been petitioned by a large number of citizens and taxpayers of said school township, who had children of the proper age to attend

school, to establish a graded school in conjunction with the corporation of the town of Avilla, which is located in said township, but constitutes a separate municipal corporation therefrom; that, after receiving this petition, he gave his decision refusing compliance with the requests made at said school meeting, but did, on the day following the decision of the county superintendent, in conjunction with the school trustees of said town of Avilla, establish joint graded schools, locating the same in said town; that suitable and sufficient school-buildings have been procured and properly seated, and a sufficient number of duly licensed and competent teachers employed to give instruction to all pupils desiring and entitled to admission to said graded schools; that the buildings so provided are about sixty rods from the building in controversy, and convenient to all the pupils who have been accustomed to attend school thereat; that, at the same time of establishing said graded schools, the appellee, as such school trustee, abolished school district No. 16, and that he has made ample preparations to accommodate all the school children of said old district No. 16 at said graded schools, and at schools numbered 6 and 12, which are averred to be more convenient to them than the building in controversy in this case.

The appellant's demurrer was overruled to the appellee's answer, and an exception taken. The appellant replied by a general denial. The case was tried by the court, and, at the request of the parties, there was a special finding of the facts, with conclusions of law thereon. The facts, found specially by the court, were in all substantial respects the same as as those set up in the appellee's answer, and the conclusions of law were in favor of the appellee. To these the appellant excepted. The errors assigned in this court are the conclusions of law on the facts found by the court, and the overruling of the demurrer to the appellee's answer. As the appellee did not move for a new trial and bring before us the evidence upon which the court made its finding of facts, they are presumed to be correct.

We are of the opinion that there is no error in the record of which the appellant can complain. As the complaint did not allege that the building in which it was sought to have the appellee provide seats and employ teachers was owned by the township, nor in any way under the control of the school trustee, we are of opinion that it stated no cause of action. The answer of the appellee and the findings of the court show affirmatively that such building belonged to an individual, and not to the township, and that the trustee had no control over it.

It is the duty of the trustee of the township to take charge of the educational affairs of his township, to employ teachers, establish and locate conveniently a sufficient number of schools, to build or otherwise provide suitable houses, furniture, apparatus, and other articles and educational appliances necessary for the thorough organization and efficient management of the schools. Section 4444, R. S. 1881. Under section 4499, the voters may hold school meetings, and may, *inter alia,* "direct such repairs as they deem necessary in their school-house." Under section 4537, an appeal lies from the decisions of township trustees to the county superintendents, "and their decisions of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair, or removal of school-houses, * * * * shall be final." The school-houses here referred to are the public school-houses of the township. The statute has no reference to private school-buildings, nor to private buildings of any kind not leased to the township for common school purposes. It is only in the public school-house of their school district that the legal voters may direct repairs to be made. If they direct them to be made elsewhere, they act beyond the scope of their authority. The trustee has no right to obey; and, if upon appeal from his decision refusing to make the repairs, it is reversed by the county superintendent, the latter acts beyond the scope of his authority, and his decision is a nullity. The same may be said with

reference to any furniture or school apparatus, or the employ-
ment of any teacher for a building which is not a public
school-house, owned by the township or controlled by the school
trustee. A different view from this would lead to conse-
quences inimical to the best interests of the common schools.
The public school funds, if the appellant's theory of the law
is correct, could be diverted from their legitimate purposes
to improve private property or to maintain, or assist in main-
taining private schools.

This would be a violation not only of the spirit but of the
very letter of the school law, and is a construction that would
do violence to the manifest purposes of the laws establishing
public schools. If seats and repairs can be placed in and upon
private property with funds collected from the taxpayers for
school purposes, then a school-house may be erected with
school funds upon real estate not owned by the township. But
in *Koontz* v. *State, ex rel.*, 44 Ind. 323, it was decided that a
trustee can not by mandate be required to locate and build a
school-house on land that does not belong to the township,
notwithstanding the county examiner, on appeal from the
trustee's decision, has rendered a decision requiring him to
erect a school-house on such land.

Moreover, as it was expressly decided in *State, ex rel.*, v.
*Mewhinney*, 67 Ind. 397, if the building in question had been
a public school-building, the decision of the county superin-
tendent would not have prevented the trustee from changing
the school from that to another location, if he made proper
provision for the educational wants of the school children
affected by such change.

We think that the trustee had authority, under the law, to
abolish district No. 16, and to make provision for the chil-
dren therein in the graded schools and in the schools in dis-
tricts 6 and 12, especially as it is averred in the appellee's an-
swer, and found as a fact by the court, that such arrangements
afforded proper educational facilities for the school children
who, prior thereto, had been attached to said school 16.

We think the court below did not err in overruling appellant's demurrer to the appellee's answer, nor in its conclusions of law from the facts as found.

Judgment affirmed, at the costs of the appellant's relator.