JOHN B. MUELLER and another *vs.* WILLIAM H. FRUEN.

December 22, 1886.

**Statute of Limitations—Easements by Prescription—Flowage.—By** analogy, the provisions of the statute of limitations with regard to actions for the recovery of real property of which the owner is disseized, will, in the absence of any special statute on the subject, apply equally to easements adversely used. Hence, to acquire a right by prescription to flow the lands of another, there must be 20 years' uninterrupted adverse user or enjoyment.

**Same—Delay in Bringing Action to Abate Nuisance.—Mere** delay in commencing a suit, or even acquiescence in the act of the defendant, (unless under circumstances that would create an equitable estoppel,) short of the period of 20 years necessary to give defendant a right by prescription to flow plaintiff's land, will not bar his right of action to abate a dam, causing the overflow, as an *existing* nuisance.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*E. E. Witchie* and *Smith & Reed,* for appellants.

*G. W. M. Pittman,* for respondent.

MITCHELL, J. This was an action to abate a dam which defendant had built on his own land across Bassett creek, so as to raise the water

v.36M—18

in the creek, and thus overflow plaintiffs' land situated above. The defendant, by way of defence, pleaded that he had maintained this dam in its present condition continuously for more than 12 years before the commencement of this action. To this plaintiffs demurred, on the ground that it did not state facts sufficient to constitute a defence. From an order overruling this demurrer plaintiffs appeal. The only question involved in this appeal is whether, upon the facts pleaded in the answer, this action was barred by the statute of limitations.

The action is brought to abate the dam *as an existing and continuing nuisance,* and, unless there be some statute expressly providing otherwise, it would seem very clear that such an action may be maintained at any time before the defendant has acquired a right by prescription to flow plaintiffs' land. The analogy between prescription and limitation is so exact and perfect that, both in England and in this country, the courts have, in the absence of any special statute on the subject, uniformly held that the provisions of the statute of limitations with regard to the time of entry by the owner on lands of which he is disseized, apply equally to easements adversely used. Therefore the nature and duration of the user or enjoyment of an easement which will constitute a valid right by prescription are precisely the same as are required by the statute of limitations to enable occupants of lands to defeat the title of the true owners. Gould on Waters, § 329; Angell, Water-courses, §§ 203 *et seq.;* Washb. Easem. *84; *Haight* v. *Price,* 21 N. Y. 241; *Prentice* v. *Geiger,* 74 N. Y. 341; *Vail* v. *Mix,* 74 Ill. 127; *Coe* v. *Wolcottville Mfg. Co.,* 35 Conn. 175; *Carlisle* v. *Cooper,* 19 N. J. Eq. 256; *Tootle* v. *Clifton,* 22 Ohio St. 247; *Haag* v. *Delorme,* 30 Wis. 591; *Scheuber* v. *Held,* 47 Wis. 340, (2 N. W. Rep. 779.) Therefore, in this state, to acquire a right by prescription to overflow the lands of another, it would require 20 years' uninterrupted adverse user or enjoyment. Gen. St. 1878, c. 66, § 4. Whether or not an action for damages for the erection of the dam is barred, is immaterial, and would not affect the right to maintain an action to abate it as an *existing* nuisance. *Eastman* v. *St. Anthony Falls W. P. Co.,* 12 Minn. 77, (137;) *Cook* v. *Kendall,* 13 Minn. 297, (324;) *Thornton* v. *Webb,* Id. 457, (498.)

In the cases just cited this court held that the time within which an action of this kind might be brought was governed by Pub. St. 1858, *c.* 60, § 12, which provided that "an action for relief, not being hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued." This was repealed in 1866. The cases just cited are also decisive (if any authority to the point were needed) that the time within which to bring an action like the present is not controlled by or "provided for" in Gen. St. 1878, *c.* 66, § 6, subd. 3. This is not "an action for trespass upon real property."

The court below placed his decision upon the ground, not of any statutory bar, but that the answer demurred to showed "that plaintiffs have acquiesced in the act of defendant in maintaining the dam in question for more than twelve years;" that "this laches is such that they have no legal remedy for the injury they claim to have sustained; and because of this lapse of time, during which they have acquiesced in the act of defendant and slept on their rights, they are also barred of their rights to equitable relief." The "acquiescence" here referred to must consist merely of the delay of plaintiffs to assert their rights by suit, for there is nothing in the case raising any question of equitable estoppel. Formerly, when statutes of limitations applied only to actions at law, courts of equity, proceeding upon the analogy of these statutes, would ordinarily refuse relief when the party had slept on his rights for a length of time which would constitute a bar to an action at law upon the same cause of action. But with us statutes of limitations apply as well to equitable as to legal actions. *Ozmun* v. *Reynolds,* 11 Minn. 341, (459;) *Eastman* v. *St. Anthony Falls W. P. Co., supra.* And, even if the statute was only to be followed in equitable actions by analogy, the period of time which would operate as a bar to the relief demanded in the present case, according to this analogy, would be, as we have already seen, the period within which an action to recover real property may be commenced. No doubt, in cases where there is an issue of fact as to whether there has been a *grant* of an easement, there would be some probative force in the fact of an acquiescence for a considerable length of time, although short of the period of prescription. And in

cases where the equitable relief asked for is of such a nature that the party is not entitled to it as a matter of right, but the granting or refusing it is a matter within the judicial discretion of the court, long delay or laches on part of the plaintiff in asserting his rights might sometimes constitute an important consideration in determining the action of the court. But no mere delay or even acquiescence, (unless under circumstances that would create an equitable estoppel,) short of the period of 20 years necessary to give defendant a right by prescription to flow plaintiffs' land, will bar plaintiffs' right of action to abate this dam as an *existing* nuisance. See *Haight* v. *Price, supra.*

Order reversed.