HERMAN SCHULENBERG v. WILLIAM ZIMMERMAN and Another.[1]

April 25, 1902.

Nos. 12,948—(127).

**Easement by Prescription.**
 The use or enjoyment of an easement in the land of another which will constitute a valid right by prescription must be an uninterrupted adverse user for the same length of time which is necessary to defeat the title of the true owner of land by adverse possession.

[1] Reported in 90 N. W. 156.

**Water Course—Ditch.**

> A natural water course, which drained the land of the plaintiff, was deepened on the land of the defendants by constructing a ditch in the channel thereof. More than twenty years thereafter the defendants filled the ditch, but not higher than the bed of the natural water course. This action was brought to compel the defendants to restore the ditch to its former condition. *Held*, that the plaintiff acquired no right, by prescription or otherwise, to have such ditch maintained as originally constructed.

Appeal by plaintiff from a judgment of the district court for Sibley county dismissing the action, entered pursuant to the findings and order of Cadwell, J. Affirmed.

*W. H. Leeman*, for appellant.

*P. A. Cosgrove*, for respondents.

START, C. J.

Action to enjoin the defendants from obstructing a water course, and for damages.

The complaint alleges that the parties hereto are the owners of adjoining farms, and describes the land of each; also [that on the plaintiff's land, near the eastern boundary thereof, is situated a tract of five acres of wet land, or marsh, from which there leads in a northeasterly direction a natural water course, through which the waters accumulating in plaintiff's marsh have heretofore been discharged over the defendants' land and other adjoining lands into the High Island creek; that more than twenty-five years ago the defendants' grantors dug a ditch in and along the natural water course about three feet wide and three feet deep, and connected it with other ditches along the natural water course, which then formed a continuous drain from plaintiff's land to the creek, of sufficient capacity to drain off and discharge all the waters accumulating on the plaintiff's land, and that for more than twenty-five years such waters have been without interruption so discharged through and by such ditch over the defendants' land.]

It also alleges that on June 1, 1900, the defendants filled up the ditch on their own land, and thereby raised the natural surface of the water course, which prevented the flow of the waters

through the ditch or water course, and caused them to set back upon the plaintiff's land, where they remain, with no way of escape, whereby he has been damaged in. the sum of $25; and, further, that, if the ditch and water course is allowed to remain filled up and in its present condition, it will permanently injure the plaintiff's land and cause its depreciation in value, and will render it unfit for farming purposes, by reason of damming up the waters and preventing their discharge from his land, and that he will suffer irreparable loss and injury by reason thereof. The answer admitted the ownership of the respective parties. of the lands described in the complaint, and put in issue the other allegations of the complaint, and contained affirmative allegations which it is not necessary to here set out.

The trial court found, in effect, that the allegations of the complaint which we have inclosed in brackets were true; but as to all other allegations of the complaint, including those as to the alleged wrongful acts of the defendants and the damages and consequences resulting therefrom, no finding of fact was made except this:

"That, prior to the first day of June, 1900, the time of the alleged wrongful acts of the defendants, the said ditch across the lands of the defendants had become partially filled up by natural causes to the depth of fifteen inches; and on the first day of June, 1900, and thereafter, the defendants filled up said ditch, so that the filling thereof from natural causes, and that made by the defendants, filled up said ditch to the depth of two feet. That the said ditch was not thereby filled any higher than the natural water course."

As a conclusion of law the court ordered judgment for the defendants, dismissing the action on the merits, and the plaintiff appealed from the judgment so entered.

The record contains no settled case or bill of exceptions, and the only question to be here decided is whether the facts found by the trial court sustain its conclusion of law. That they do is manifest from a mere reading of the findings in connection with the issues made by the pleadings. The court found as a fact that there was and is a natural water course from the plaintiff's land over the defendants' land to a creek along which waters from the

land of the former were discharged; that, more than twenty years before the alleged wrongful acts of the defendants were committed, the then owner of the defendants' land deepened the channel of the water course by digging a ditch therein which, in the course of time, became partially filled by natural causes. Thereupon the defendants filled the ditch to the depth of two feet, but did not raise the natural bed of the water course. There is no finding that the plaintiff ever did any affirmative act with reference to the water flowing through the water course in its changed condition or changed his condition or that of his farm, or made any improvements thereon, or asserted any right or easement in the land of the defendants by reason of the water course thereon having been deepened, or that the plaintiff or his land has been or ever will be damaged by the approximate restoration of the water course to its natural condition.

Our decision that the facts found do not entitle the plaintiff to any relief might be well rested upon the ground that the record does not show that the plaintiff has or will sustain any damages by reason of any act of defendants. But were it otherwise, the facts found sustain the conclusion of law of the trial court. Before the bed of the water course was lowered by the construction of the ditch, the plaintiff had no right to do anything to make the natural servitude on the defendants' land more onerous. If he has acquired any right to do so, it must have been by grant or by prescription, or on principles of equitable estoppel. There is no suggestion in the record of any grant in fact of any easement to have the ditch in the water course maintained on the defendants' land as it was originally constructed.

The plaintiff, however, claims that he has acquired such easement by prescription. In order to establish a right by prescription the acts relied upon to create such prescriptive right must have been an invasion of the rights of the party against whom it is set up and for which he might have maintained an action. The user or enjoyment of an easement in the land of another which will constitute a valid right by prescription must be an uninterrupted adverse user for the same length of time which is necessary to defeat the title of the true owner of land by

adverse possession. Mueller v. Fruen, 36 Minn. 273, 30 N. W. 886. Tested by this rule the facts found by the trial court do not show that the plaintiff acquired, by user or otherwise, a prescriptive right to have the ditch on the defendants' land remain open as originally constructed, for they show no adverse user or invasion of defendants' rights by the plaintiff, or of the rights of the plaintiff by the defendants. Nor are such facts sufficient equitably to estop the defendants from restoring the water course to its original condition. See Canton Iron Co. v. Biwabik Bessemer Co., 63 Minn. 367, 65 N. W. 643; Kray v. Muggli, 84 Minn. 90, 86 N. W. 882.

Judgment affirmed.