## ALBERT H. SCHUETTE v. CHRISTIAN SUTTER.[1]

January 8, 1915.

Nos. 19,019—(118).

**Obstruction of ditch — evidence.**

1. Under the evidence the plaintiff had a right by prescription and by way of estoppel to the use of a ditch on the defendant's land; and the finding that the defendant did not obstruct said ditch was not justified by the evidence.

**Same — injunction.**

2. Upon the obstruction of such ditch the plaintiff was entitled to injunctive relief.

**Specific performance — judgment erroneous.**

3. The plaintiff was not entitled to specific performance of the defendant's agreement to construct a system of tile drainage upon his land in place of the system of open drainage; the action was not one for specific per-

[1] Reported in 150 N. W. 622.

Note.—As to estoppel to revoke license to maintain burden on land after licensee has incurred expense in reliance thereon, see notes in 19 L.R.A.(N.S.) 700 and 25 L.R.A.(N.S.) 727.

formance, nor was it tried as such, nor was relief appropriate to such action given, and the judgment was erroneous.

Action in the district court for Waseca county to require defendant to remove and abate an obstruction in a ditch to the natural flow and drainage of water from plaintiff's land, and for $200 damages. The facts are stated in the opinion. The case was tried before Childress, J., who made findings and ordered judgment that plaintiff was entitled to have the tiled ditches finished so as to touch his land and when constructed defendant should be entitled to recover $44.98, and defendant was entitled to have certain tiling extended to the point mentioned. From the judgment entered pursuant to the order for judgment, and from the order of the court on the appeal from taxation of costs and disbursements by the clerk of court, plaintiff appealed. Reversed.

*Moonan & Moonan,* for appellant.
*Sawyer & Sperry,* for respondent.

DIBELL, C.

This action was brought to compel the defendant to abate and remove the obstruction to the flow of water through a drain upon his land, and for damages. By the judgment entered it was determined that the plaintiff was entitled to have certain tile drains upon the land of the defendant extended to his land; that the defendant was entitled to have a certain tile drain on the plaintiff's land extended to his land; that the defendant was entitled to judgment against the plaintiff for certain sums which the plaintiff had agreed to pay as a part of the cost of construction of the tile drains on defendant's land; and that the defendant have judgment for his disbursements. The plaintiff appeals from the judgment.

1. The plaintiff owns the southwest quarter and the defendant owns the northwest quarter of a section of land in Waseca county. There is a slough covering a portion of the two quarters into which the surface waters drain, the lowest portion of which is very near the quarter line between the two, perhaps a little south of it. For many years, and as far back as 1877, a ditch ran from plaintiff's

land into the slough, and out of the slough through the defendant's land was a drain to the north and east through a natural watercourse. The plaintiff did work in keeping the ditch through the defendant's quarter in condition for taking care of the waters which came into the slough, he and the defendant co-operating in maintaining a ditch for the drainage of their lands, and for·all these years there was no trouble or controversy. The plaintiff had a prescriptive right to drainage across the defendant's quarter. Baldwin v. Fisher, 110 Minn. 186, 124 N. W. 1094, and cases cited. He also had the right of drainage by estoppel within the doctrine of Munsch v. Stelter, 109 Minn. 403, 124 N. W. 14, 25 L.R.A.(N.S.) 727, 134 Am. St. 785.

In June, 1910, the plaintiff and the defendant agreed to substitute a system of tile drainage for the open drainage, the plaintiff to pay a part of the cost of it. The main tile drain was to start at the low part of the slough at the quarter line following the old ditch to the north and east off the defendant's land. From this main drain a branch drain was to run south to the quarter line at a point some distance easterly of the starting point of the main drain. The court states in its memorandum, and the evidence supports it, though it is not specifically found, that a tile drain was to extend easterly along the quarter line from the point of its intersection with the branch ditch. To this point of intersection the plaintiff was to extend a tile drain which was upon his quarter.

The tile drain was not constructed by the defendant as agreed. The main drain did not reach the quarter line by some 18 or 20 feet. The branch drain did not reach the quarter line by some six or eight rods. The plaintiff claims that the defendant filled in and obstructed the old ditch at the 18 or 20 foot space mentioned. The court found that he did not. Upon a careful review of the evidence we think that it must be held that he did. There was throughout an unconcealed purpose on the part of the defendant to prevent the plaintiff making beneficial use of the tile drainage. Although the court found to the contrary, and while not particularly important here, the evidence is quite cogent that the defendant ploughed his

land to the east along the quarter line to prevent the surface waters coming from the plaintiff's land.

2. If the defendant failed to construct the substituted tile drainage the plaintiff was entitled to the use of the old ditch; and if the defendant filled in the southerly 18 or 20 feet of it, or otherwise obstructed the plaintiff's right to the flow of water through it, the plaintiff was entitled to injunctive relief. Baldwin v. Fisher, supra; Munsch v. Stelter, supra; Mueller v. Fruen, 36 Minn. 273, 30 N. W. 886.

3. The court found that the plaintiff was entitled to have the main ditch and the branch ditch extended to the agreed points. We are not able to see that specific performance could be enforced of this parol agreement to construct a tile drainage system to take the place of the open drainage. Robinson v. Luther, 134 Iowa, 463, 109 N. W. 775. The case was not an action for specific performance, nor was it tried as such, nor was relief by way of specific performance given. If it were an action for specific performance, the plaintiff was the prevailing party, and was entitled to disbursements, and the judgment was wrong in giving them to the defendant; and the defendant was not entitled to judgment against the plaintiff for his agreed portion of the cost of construction of the drain so long as it remained uncompleted.

Judgment reversed.