MARY CAIN AND OTHERS v. HIGHLAND COMPANY AND
ANOTHER.[1]

November 17, 1916.

Nos. 19,965—(103).

**Adverse possession — evidence required.**

> Action of ejectment. Verdict for plaintiffs. *Held*: Evidence must
> be clear and convincing to justify a finding of title acquired by adverse
> possession. After two verdicts for plaintiffs, the court concludes evi-
> dence was insufficient to support the verdict and the court rightly
> granted judgment notwithstanding the verdict. [Reporter.]

Action of ejectment in the district court for St. Louis county. The
case was tried before Fesler, J., who denied defendant's motion for a
directed verdict in its favor, and a jury which returned a verdict in
favor of plaintiffs. From an order granting defendant Highland Com-
pany's motion for judgment notwithstanding the verdict, plaintiffs ap-
pealed. Affirmed.

*Theodore Hollister* and *H. B. Haroldson,* for appellants.

*Fryberger, Fulton & Spear,* for respondents.

PER CURIAM.

Action in ejectment. Verdict for the plaintiffs. Judgment notwith-
standing directed for the defendant company. The plaintiffs appeal.

The title of the plaintiffs rests upon a claim of adverse possession.
The defendant has the fee title unless it has been divested by adverse pos-
session. In 1891 the plaintiff Mary Cain owned a lot on what is known
as Duluth Heights in the city of Duluth. This lot was something like
four blocks back of the head of the Duluth incline railroad and about a

[1]Reported in 159 N. W. 830.

Note.—Upon the question of right to one in permissive possession to
acquire title by adverse possession, see note in 12 L.R.A.(N.S.) 1140.

For authorities passing on the question of use of possessory title as a
weapon of offense, see note in 46 L.R.A.(N.S.) 506.

mile from the business center of Duluth. All the land about was platted. Mrs. Cain's lot faced Thirteenth street. A half block to the east was Highland avenue extending from the head of the incline to the settlement known as Duluth Heights a mile and a half back. On Highland avenue there was an electric street railway extending to Duluth Heights. The plaintiffs claim title to four irregular shaped tracts, aggregating something like ten acres in area, none of which immediately adjoins the home. One tract had been in possession of a third person whose rights Mrs. Cain acquired in 1891. The other three were fenced in 1891 and 1892. Afterwards, and for upwards of 15 years, the four tracts were occupied and used for gardening, or pasturage or hay. The possession was actual, open, exclusive and continuous for upwards of 15 years. The important question is whether it was with adverse and hostile intent. To be so it need not be under color of title or under claim of actual right. The possession may originate in trespass and the purpose may be to usurp. Rupley v. Fraser, 132 Minn. 311, 156 N. W. 350; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127; Cool v. Kelly, 78 Minn. 102, 80 N. W. 861; Carpenter v. Coles, 75 Minn. 9, 77 N. W. 424. Mrs. Cain claims that she thought the land was government or Indian land and that she could acquire it by homesteading, and her ultimate claim is that from the time she assumed possession she claimed the land as her own. She paid no taxes. She paid taxes on her nearby lot. The defendant paid the taxes. She claims that once she went to the county treasurer's office and made some indefinite inquiry about paying taxes on homestead property. It appears, inferentially at least, that the property was of very considerable value. There is very strong evidence that during the whole time the possession was permissive, but Mrs. Cain denies this. It is conceded that in 1909, after the lapse of 15 years from the initiation of possession, she went to the officers of the defendant to get permission to occupy land somewhere on the heights.[1] She claims that this referred to a tract of land over to the east of Highland avenue, but this land she had abandoned to another 12 years before.

The evidence must be clear and convincing to justify a finding of title acquired by adverse possession. This case has been twice tried. In each case the verdict was for the plaintiffs. All the evidence procurable has

[1] See later opinion on p. 432, infra.

been produced. We are of the opinion that the evidence in point of substance is insufficient to support a decree divesting title, and that the court was right in directing judgment notwithstanding the verdict.

Order affirmed.

On December 15, 1916, the following opinion was filed:

PER CURIAM.

In the petition for reargument attention is called to the statement in the opinion that in 1909 Mrs. Cain went to the officers of the defendant for permission to occupy land on the heights. This statement is not quite accurate and might mislead. She was at the office of one formerly connected with the management of the heights property upon what she says was other business. While there her occupancy of land on the heights was talked of, and she was given a letter to an officer of the company and went with it to see him. With this explanation the statement of the opinion is correct. The petition has been considered and is denied.