CROWLEY *v.* BOARD OF EDUCATION OF RURAL
AGRICULTURAL SCHOOL DISTRICT NO. 1,
GROSSE POINTE TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—SUPERINTENDENT OF PUBLIC
INSTRUCTION WITHOUT POWER TO DESIGNATE SITE.

The power given to the superintendent of public instruc-
tion, under section 9, Act No. 97, Pub. Acts 1921, to
review, confirm, set aside, or amend any action, order
or decision of the board of education of a consolidated
rural agricultural school district, in the matter of the
selection of a schoolhouse site, on appeal of qualified
school electors, does not include the power to designate
a site after the designation of the board has been set
aside.[1]

2. SAME—DISTRICT HAS POWER TO RESCIND STEPS TAKEN TO SELECT
A SCHOOL SITE.

Where, on appeal, the superintendent of public instruc-
tion set aside the designation of a school site by a con-
solidated rural agricultural school district, the district
had the right, at a special called meeting, to rescind all
steps taken to select a site and abandon the plan of
erecting a high school.[2]

3. SAME—MATERIALLY CHANGED CONDITIONS—GOOD FAITH OF DIS-
TRICT.

In a suit to enjoin the selection of a school site on the
ground that the designation of the same site several
months previously had been set aside by the superin-
tendent of public instruction, that his action was final,
and that the subsequent abandonment of said designation
by the district was not in good faith, the finding of the
court below that the conditions under which said desig-
nation had been set aside had materially changed, and
that the abandonment of said designation was in good
faith, *held*, justified by the record.[3]

[1]Schools and School Districts, 35 Cyc. p. 935; [2]Id., 35 Cyc. p.
876; [3]Id., 35 Cyc. p. 935.

4. SAME—DESIGNATION OF A SCHOOL SITE NOT A PROCEEDING IN
   REM.
   The designation of a school site by a school district,
   which had not reached the stage of taking action against
   the property when set aside by the superintendent of
   public instruction, was in no sense a proceeding *in rem*
   which could not be re-passed upon by him.[4]

5. SAME—FAILURE TO APPEAL DEPRIVES OBJECTORS OF RIGHT TO
   COMPLAIN IN CHANCERY COURT.
   Where proceedings for the selection of a school site were
   ended by the superintendent of public instruction setting
   aside the district's designation, and later, after conditions
   had materially changed, a second proceeding was begun
   and the same site designated by the district, failure of
   school electors, who objected to said site, to appeal to
   the superintendent of public instruction as provided by
   statute, deprived them of their right to complain in a
   court of chancery.[5]

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted October 8, 1925.   (Docket No. 31.)   De-
cided December 22, 1925.

Bill by William C. Crowley and others against the
board of education of rural agricultural school district
No. 1, of Grosse Pointe township, to enjoin the selec-
tion of a school site.   Thomas E. Johnson, superin-
tendent of public instruction, intervened.   From a
decree dismissing the bill, plaintiffs appeal.   Affirmed.

*MacKay, Wiley, Streeter & Tucker* (*Miller, Can-
field, Paddock & Stone*, of counsel), for plaintiffs.

*Percy W. Grose, Howard H. Colby*, and *Bernard P.
Costello*, for defendant.

*Andrew B. Dougherty*, Attorney General, and *H.
Victor Spike*, Assistant Attorney General, for in-
tervener.

BIRD, J.   The defendant is the consolidation of five

[4]Schools and School Districts, 35 Cyc. p. 935; [5]Id., 35 Cyc. p. 935.

school districts with 2,600 children.   It was organized under Act No. 226, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 5840 [1-19]).   In July, 1922, the electors passed a resolution requesting the board of education to select a site for high school purposes and recommended what is referred to in this opinion as the "Fisher site."   Pursuant to said resolution the board of education selected said site containing 22½ acres as a suitable site for high school purposes.   In January, 1923, the electors ratified the action of the board of education.   In March, 1923, an appeal from the decision of the board was taken by certain of the electors to the superintendent of public instruction. He considered it for a time, when he rendered a decision setting aside the designation of the board of education and designated another site, which may be referred to as the "Dwyer site."   When this decision was received by the board of education it called a special meeting of the electors, and at their meeting they rescinded all steps which had been taken to select a site and abandoned the plan of erecting a high school.   This action was concurred in by the board of education.   Later an application was filed with the board of education to select a site.   Pursuant to said notice a special meeting was held at which the electors authorized the board of education to select a site and recommended the "Fisher site," which had been formerly selected.   In November, 1923, the board of education adopted a resolution selecting the site recommended by the electors.   At this point in the proceeding plaintiffs filed this bill praying that defendant be temporarily restrained from purchasing said "Fisher site," and at the hearing it be made permanent.

The questions suggested for our consideration are the following:

(1) After the superintendent of public instruction has exercised his right to set aside a designated site

which has been made by the board of education, may he designate a site himself?

(2) After a decision by the superintendent of public instruction, setting aside the designation of a site by the board of education, can the board of education at any time thereafter re-designate the same site?

1. This act, as amended, provides that:

"The board of education shall have authority to designate such site or sites as it may deem necessary to carry out the provisions of this act."    Act No. 97, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5840 [4]).

The power of review is given to the superintendent of public instruction by section 9:

"Whenever ten or more qualified school electors of any rural agricultural district shall feel themselves aggrieved by any action, order, or decision of the board of education with reference to the transportation or boarding of pupils, to the location of any site or the granting of permission to alter the boundaries of said district as provided in section five thousand seven hundred thirty-seven of the Compiled Laws of nineteen hundred fifteen, as amended, they may at any time within ninety days from such action, order or decision of said board of education appeal to the superintendent of public instruction, and notice of such appeal shall be filed with the secretary of said board of education.    The superintendent of public instruction, upon the receipt of such appeal, shall have the power to entertain such appeal.    Said superintendent of public instruction may visit the locality, or appoint some one to visit it, and he or his appointee may give a hearing at some place within the county where the schoolhouse of such district is located.    After such investigation, the superintendent of public instruction shall have authority to *review, confirm, set aside,* or *amend* such action, order, or decision of said board of education.    His decision in the matter named in this proviso shall be final."

When this power of designation has been exercised by the board of education and the selection has been

made it gives to those aggrieved the right to appeal to the superintendent of public instruction, and the act gives him the authority to *review, confirm, set aside* or *amend* such action, order or decision of said board of education.    And further provides that his decision in the matter shall be final.    These provisions rather indicate that the legislature intended that the board of education should have the right to designate a site, and that the superintendent of public instruction should have the right to review, and if, for any proper reason, the decision was not in accord with his judgment, he was given the power to set it aside or amend it.    If it was right he was given the power to confirm it.    The right to review, confirm, set aside or amend would not carry with it the right to designate a site after the designation of the board of education had been set aside.    The language of the act does not import any such power.    Had the legislature intended he should have that power it would not have been conferred in such an uncertain way.    This power of review was probably created to settle and set at rest the usual stormy controversies attending the erection of a new school building.    In those controversies the adherents of each side are apt to lose sight of what is for the best interests of the district, and this law gives the district the benefit of the judgment of an unbiased and disinterested school official. Our conclusion is that the superintendent of public instruction had no power to designate a site, and that that part of his order was invalid.    See *Doubet* v. *Independent District of Clearfield,* 135 Iowa, 95 (111 N. W. 326).

2. It is the claim of plaintiffs that after the site had been selected by the board of education and set aside by the superintendent of public instruction, it could not thereafter be designated again, as the decision of the superintendent of public instruction was

final.    It appears that after the site had been designated by the board and ratified by the electors, it was set aside on appeal to the superintendent of public instruction.    Following this action the electors met in a special meeting and voted almost unanimously to rescind the several steps it had taken to obtain a site.    Here the matter rested until late in the fall, when the matter was again brought before the board of education, with a recommendation that the "Fisher site" be selected.    This was acted upon favorably and no appeal has been taken to the superintendent of public instruction from that decision.    Plaintiffs seek to avoid the effect of their failure to appeal to the superintendent of public instruction on the ground that the second designation was based on the same conditions which existed when the first designation was made.    We think counsel are in error in this conclusion.    The record shows, without contradiction, that conditions had materially changed.    The number of available sites had narrowed from six to three. Property had materially increased in value.    The population had increased.    The number of school children had increased over 400.    A street car line from the city limits to the proposed site was contemplated, and much of the property around the site had been subdivided, sold and built upon.    The two conditions upon which the superintendent of public instruction had reversed the first designation had materially changed. The circuit court found that material changes had taken place since the first application, and that the abandonment of the first designation was in good faith.    We are in accord with those findings.

It can hardly be contended that the electors had no right to abandon the project when once begun.    They had as good a right to rescind their action as they had to take it in the first instance.    35 Cyc. p. 876. Counsel argue it was a proceeding *in rem* and could

not be re-passed upon by the superintendent of public instruction, but was final. We are unable to agree with this contention. The proceeding had not reached the stage where the action was against the property. It was in no sense a proceeding *in rem*. See 4 Words and Phrases, 3481. It was a review of the conclusions of the board of education as to where they would locate their high school building. Counsel suggest it was analogous to a restriction case. Because a court should find today that a restriction should be observed it would not follow that two years from today it might not conclude that the changes which had taken place would relieve the restrictions. See *Smith* v. *Lynch*, *ante*, 6. When the board designated the site the second time that was a new proceeding. The first proceeding was ended. The decision of the superintendent was final as to that proceeding. When the selection was made the second time by the board of education it was the duty of plaintiffs, if they were aggrieved, to appeal to the superintendent of public instruction the second time. If the showing did not convince the superintendent of public instruction that conditions had materially changed, he would have reversed it again, or held that his first decision was still binding. If he were favorably impressed with the changes he would have affirmed it. The failure of plaintiffs to take advantage of their statutory remedy by appeal deprives them of their right to complain in a court of chancery. For interesting cases on this question see, *Koonts* v. *State, ex rel. Wier*, 44 Ind. 323; *State, ex rel. Evans*, v. *Mewhinney*, 67 Ind. 397; *Knight* v. *Woods*, 129 Ind. 101 (28 N. E. 306).

The decree made by the circuit court will be affirmed, with costs to the defendants.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.