# ADOLPH NAPORRA v. WILLIAM WECKWERTH.[1]

August 2, 1929.

No. 27,227.

[1]Reported in 226 N. W. 569.

204

*Charles Spillane* and *Moonan & Moonan,* for appellant.
*Gallagher, Madden & Gallagher,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment.

Charles N. Norton formerly owned the 80 acres of land now owned by plaintiff. Edward Weckwerth then owned the land adjoining on the west which is now owned by defendant. Silas Keochel owned land adjoining the Naporra land on the east. The surface water naturally flows to the west. It finds a ravine on defendant's land perhaps 30 rods from the Naporra land.

In the fall of 1908 Norton and Keochel employed Emil Sahler to construct with a ditching machine an open ditch from the Keochel land across the Naporra land and onto and across the Weckwerth land to said ravine. Sahler says he constructed the ditch "according to that current for water flow." The ditch was six feet wide at top, three feet deep, and 16 inches wide at bottom. Because of the fall the ditch was not so large on the Weckwerth land. It has filled considerably.

In 1910 Mr. Norton sold his farm to plaintiff, who has since been in possession. On two or three occasions plaintiff cleaned the ditch. At one time defendant cleaned it. In 1920 defendant put in a tile in place of the open ditch on his land. Near his line he constructed an in-take so as to receive the water coming from the east. At this place the water washed a hole in the ground. In 1927 defendant filled the hole with stones and dirt and because of this the ditch could not function and water was held on plaintiff's land. Prior to the installation of the tile defendant maintained a bridge over the ditch on his land.

The jury found that defendant obstructed the natural flow of the surface water. It also found that plaintiff had acquired a prescriptive right to drain surface water from his land through a ditch on defendant's land. By the general verdict the jury found that plaintiff had not been damaged.

■ The serious question in the case relates to the alleged prescriptive right. Drainage rights may be acquired by prescription. The character of the usage of an easement which will ripen into a legal right by prescription is the same as is required to gain title to land by adverse possession. Mueller v. Fruen, 36 Minn. 273, 30 N. W. 886; Schulenberg v. Zimmerman, 86 Minn. 70, 90 N. W. 156.

In Baldwin v. Fisher, 110 Minn. 186, 124 N. W. 1094, it was held that the maintaining of a ditch for the statutory period gave a prescriptive right to the continuance of the watercourse as deepened and improved. The questions now involved were not raised there.

In Schuette v. Sutter, 128 Minn. 150, 150 N. W. 622, the plaintiff did the work in keeping the ditch through the defendant's land in condition for taking care of the waters, and he and defendant co-operated in maintaining the ditch for the drainage of their lands for several years without trouble or controversy. It was there held that plaintiff had a prescriptive right to drainage across the defendant's land. The doctrine of estoppel was also involved.

■ In order for possession to be adverse it must be hostile in its inception, or if consistent with the rightful title its character must change into one of hostility. Collins v. Colleran, 86 Minn. 199, 90

N. W. 364; Johnson v. Hegland, 175 Minn. 592, 222 N. W. 272. The strictest proof of hostile inception of the possession is required. Such possession becomes adverse only upon a nortorious assertion of right. Omodt v. C. M. & St. P. Ry. Co. 106 Minn. 205, 118 N. W. 798. Such declaration however may be made by conduct as well as by words. As a basis for a right by prescription the inception must arise from an invasion of the rights of the other for which he might have maintained an action. In this case the original entry and construction of the ditch on defendant's land, if without permission, was a sufficient declaration of hostility. If those who constructed the ditch on the Weckwerth land exceeded their legal right their use was an infringement of the rights of Weckwerth and was of necessity adverse. The claim of right must be exercised with the knowledge of the owner of the servient estate, i. e. actual knowledge or a user on the part of the claimant of such character that knowledge will be presumed. Failure of the owner to object to such user is an acquiescence therein.

■ License or permissive use on the part of the landowner must be distinguished from mere acquiescence. The one is evidence that claimant did not have the drainage right in the absence of the permission; while the other is evidence that he did.

■ The law is jealous of a claim to an easement, and the proof thereof will be construed strictly. 2 Dunnell, Minn. Dig. (2 ed.) § 2852. The complaint, among other things, alleged a permissive entry. Plaintiff did not however try his case upon that theory. Whether he sought to bring himself within the doctrine of Munsch v. Stelter, 109 Minn. 403, 124 N. W. 14, 25 L.R.A.(N.S.) 727, 134 A. S. R. 785, followed in Schuette v. Sutter, 128 Minn. 150, 150 N. W. 622, does not appear.

■ In the instructions to the jury the court stated that it did not make any difference whether the ditch was made with or without Weckwerth's consent. This is claimed to constitute error. If the entry was permissive and without a subsequent distinct and positive assertion of a hostile right, it could never give an easement by prescription no matter how long continued. Johnson v. Heg-

land, 175 Minn. 592, 222 N. W. 272; M. W. Ry. Co. v. M. & St. L. Ry. Co. 58 Minn. 128, 59 N. W. 983; 19 C. J. 887, §§ 53, 54, 74; 59 L. R. A. 841, note; 9 R. C. L. 778, § 37; Guse v. Flohr, 195 Wis. 139, 217 N. W. 730; see City of Hutchinson v. Wegner, 157 Minn. 41, 195 N. W. 535.

■ But if the entry was adverse and hostile—not by virtue of Weckwerth's permission sought and given in recognition of his permissory authority but in spite of Weckwerth—it would not matter' whether Weckwerth consented thereto or not. His unsought consent could not destroy the adverse entry. Had the entry been made under and by virtue of his recognized right to grant a permission the situation would have been quite different. But his mere consent standing alone would only be a part of that acquiescence on the part of the true owner which in time allows the establishment of the prescriptive easement. The instructions included a definite statement of adverse possession and also as to claims and assertions of interests adversely to the claims of the true owner. It was also stated in the charge:

"In order to establish a right by prescription, the acts relied upon to create such prescriptive right must have been an intervention of the rights of the party against whom it is set up and for which he might have maintained an action."

Of course if it was done with the permission of the defendant there could be no recovery. While the charge is not a model in this respect we do not believe that the jury understood the charge to mean that a prescriptive easement could be acquired if the entry was permissive. It merely meant that if the entry was adversely made the owner's unsought and unrecognized consent would not destroy rights resting upon such entry.

■ Sahler testified that Edward Weckwerth gave consent to the construction of the ditch on his land. Weckwerth denied this. Mr. Norton testified that when the ditch was built and when he sold the farm to plaintiff he never considered that he had any right in the Weckwerth land. The argument is that this evidence shows that there never was an adverse entry. It does not show that. He does

not say that he did not intend to disseise the true owner. He makes no explanation of his conduct in so invading the Weckwerth land. The jurors would judge him by his unexplained conduct. They could ponder and reflect on his inconsistency, if any. Possibly Norton and his associate were trespassers and made a tortious entry without any pretense of title or rightful existing claim. But their conduct permits an inference that they made the entry adversely with the intention of continually holding that possession a sufficient length of time for it to ripen into a prescriptive easement by operation of law regardless of whether they claimed a legal right on the land or were confessedly wrongdoers thereon. They could thus lay the foundation for establishing title by adverse possession or for establishing the analogous steps resulting in a prescriptive easement. It is not necessary to have a legal right to enter. Carpenter v. Coles, 75 Minn. 9, 77 N. W. 424; Cain v. Highland Co. 134 Minn. 430, 159 N. W. 830, 872; Stevens v. Velde, 138 Minn. 59, 163 N. W. 796; Fredericksen v. Henke, 167 Minn. 356, 209 N. W. 257, 46 A. L. R. 785; Guaranty T. & T. Corp. v. U. S. 264 U. S. 200, 44 S. Ct. 252, 68 L. ed. 636. The owner of the Weckwerth land claims that the invasion was without consulting him. It was of such character to warrant the inference that it would be defended against all. The jury did not accept Sahler's testimony indicating that the entry was permissive.

■ The evidence as to the character of the entry, duration and manner of use were for the jury, and the verdict is sustained by the evidence.

Affirmed.