CROMWELL *v.* HUGHES.

1. BOUNDARY — DISPUTE—REMEDY — EJECTMENT — IMPROVEMENTS.
    Where defendant is in possession of a house built partly on
    land claimed by complainant and partly on land conceded to
    be owned by defendant, complainant's remedy is by eject-
    ment, where the question of improvements may be litigated
    as provided by the statute (§§ 10994–10996, 3 Comp. Laws).

2. INJUNCTION—DISPUTED TITLE — RELIEF — RESTRAINING WASTE.
    On a bill to restrain defendant in possession from removing a
    house built partly on land claimed by complainant and partly
    on land conceded to be owned by defendant the only appro-
    priate decree is one to restrain waste pending ejectment to
    determine title.

Appeal from. Missaukee; Chittenden, J. Submitted
February 14, 1906. (Docket No. 166.) Decided April
30, 1906.

Bill by Joseph W. Cromwell against Frank Hughes to
enjoin the removal of certain buildings. Defendant filed
an answer in the nature of a cross-bill to quiet title to
land. From a decree for complainant, defendant appeals.
Modified.

Complainant filed this bill to enjoin the defendant from
removing a house built partly on land claimed by com-
plainant and partly upon land conceded to be owned by
the defendant. The prayer is for an injunction restrain-
ing defendant from removing said building and from en-
tering upon the strip of land claimed by complainant.
The answer denies complainant's title, and by cross-bill
asks to have complainant's deeds, by which he claims title,
set aside as a cloud upon defendant's title. One of the
issues is the location of the boundary line known as the
"One-Eighth Line" between the S. ½ of the N. W. ¼ of

section 30, owned by the defendant, and the N. ½ of said N. W. ¼.

The circuit judge found that the proofs were not sufficient to establish just where the eighth line was, and that therefore the only relief he could grant was an order "restraining defendant from removing the buildings or from entering upon the land north of the eighth line to be established." The decree as entered found that this strip of land in dispute was about 60 feet wide; that the dwelling house projected 3½ feet over the south side of said eighth line upon land belonging to defendant; that the dwelling house and barn belonged to complainant; that defendant threatened to remove them; that complainant was the owner of said strip of land lying north of said eighth line, between that line and the south side of the village of Owens—and restrained the defendant perpetually from entering upon or interfering with the possession of said land, and from removing said buildings.

*F. O. Gaffney,* for complainant.

*E. F. Sawyer,* for defendant.

GRANT, J. (*after stating the facts*). The record is in a very unsatisfactory condition for the proper determination of the rights of the parties. One McBain, the original owner of the N. W. ¼ of section 30, platted the village of Owens. When it was platted is not stated in any of the pleadings or shown by the evidence. When this house was built does not appear. It does appear, according to the evidence on the part of complainant, that when Mr. McBain platted this village on the N. ½ of the N. W. ¼ he left a strip on the south part of said N. ½ outside the village plat; that a street was established on the south side of said plat running the entire length of the village, called Elm street; that Mr. McBain placed a fence on the south side of Elm street more than 15 years before the commencement of this suit, inclosing the disputed strip with the S. ½ of said N. W. ¼; that said fence has re-

mained as originally located and the land south of it oc-
cupied as one parcel; that Mr. McBain mortgaged the S.
½ of said N. W. ¼; that the mortgage was foreclosed in
1898, and upon the sale the Dewey Stave Company
bought a part of it and complainant the other part; that
defendant obtained his title from the Dewey Stave Com-
pany; that soon after the purchase by complainant and
the stave company he discovered that the plat did not in-
clude the entire N. ½ of said N. W. ¼, and that this strip
of land was not a part of the S. ½ according to the govern-
ment survey. He thereupon obtained deeds from the
heirs of Mr. McBain conveying to him all that part of the
N. ½ of the N. W. ¼ of section 30 which was not included
within the village limits. He testified that he had a parol
arrangement with the Dewey Stave Company by which
it was to have title to that part of said strip opposite the
land owned by it. Meanwhile the Dewey Stave Company
sold to the defendant. Defendant purchased this land in
the belief that the north boundary line was the south line
of Elm street. Probably the house and buildings were
built with that understanding. The only access to said
land during all this time was from Elm street. An access
to a public highway could be obtained on the west by
crossing a railroad. Under the decree complainant has
obtained title to the dwelling house, including that part
located on defendant's land.

If it should be determined that complainant owned this
strip of land and the boundary line had run through the
center of the house, who would own the house? Cer-
tainly the complainant obtained no title to that part of
the house located on defendant's land. Defendant was in
possession. An action of ejectment was the proper
remedy, where the question of improvements might be
litigated, under 3 Comp. Laws, §§ 10994–10996. The ef-
fect of this decree is to oust one in absolute possession,
claiming title, by a decree in equity to restrain waste.

We think, under this record, the only appropriate de-
cree would have been the restraint of waste, pending a de-

termination of the title in the appropriate action of eject-
ment.

The decree will be so modified, with costs to the defend-
ant.

McALVAY, BLAIR, MONTGOMERY, and MOORE, JJ.,
concurred.