# JOHN E. SMITH v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 25, 1915.

Nos. 19,285—(25 [2]—196 [3]).

**Verdict sustained by evidence.**

    1. The record examined and the evidence *held* sufficient to sustain the verdict.

[1] Reported in 153 N. W. 513, 155 N. W. 1040.

[2] April, 1915, term calendar.
[3] October, 1915, term calendar.

**Damages not excessive.**

    2. It does not appear that the verdict was excessive, or that it was given under the influence of passion or prejudice.

**Omission to charge jury.**

    3. Where no request is made by counsel, it is *held* not error if the trial court merely fails to give an instruction on an issue presented by the pleadings.

Action in the district court for Hennepin county to recover $20,000 for personal injury received while in the employ of defendant. The case was tried before Waite, J., and a jury which returned a verdict for $2,100. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelwright & Dille, C. N. Bracelen* and *M. L. Countryman,* for appellant.

*Stiles & Devaney,* for respondent.


SCHALLER, J.

Plaintiff was a brakeman in the employ of defendant, working on a freight train in Montana. He had been working in that capacity during the two years prior to the date of the accident in which he claims to have been injured. This accident happened on the twenty-sixth day of February, 1913. Shortly after midnight of the twenty-fifth, while he was riding on the rear end step of a locomotive tender, passing the station platform at Gerber, Montana, plaintiff's left leg was caught and squeezed between the face of the platform and the edge of the step above the one on which he was standing. The injury was apparently very serious.

The negligence complained of was the improper condition of the steps, in that the stirrup and steps were out of alignment and extended several inches beyond the face of the tender. The answer denied negligence, alleged contributory negligence, and plaintiff's assumption of the risk. The case was tried to a jury which returned a verdict for plaintiff. A motion for judgment notwithstanding the verdict or for a new trial was made and denied. Defendant appeals from the order denying the motion.

The assignments of error present three questions: First, was there suffi-
cient evidence to justify a verdict, for plaintiff on the question of the de-
fendant's negligence? Second, was the verdict excessive, apparently given
under the influence of passion or prejudice? Third, did the court err in
failing to submit to the jury the issue of plaintiff's contributory negli-
gence?

1, 2. We have examined the record and cannot say that the verdict was
so manifestly and palpably against-the evidence as to require the court
below to grant a new trial; neither can we say that the verdict was ex-
cessive, apparently given under the influence of passion or prejudice
There was evidence from which the jury might find that the injury was
serious. The wound, for some reason or other, had not entirely healed
at the time of the trial in October, 1914.

3. The other question relates to the failure of the court to charge
the jury on the issue of contributory negligence.[1]

The record fails to show a request for such instruction. All that the
record discloses is that, after the court had completed his charge, he said:
"This is all I care to say to you, unless counsel think I have omitted
something to which they desire to call my attention." Immediately fol-
lowing this is a charge on the question of assumption of the risk, upon
which a special verdict was desired. This charge was full and fair and
no exception seems to have been taken to it.

The statute (G. S. 1913, § 7802) provides a full and complete protec-
tion to both the parties and the court in the matter of giving instructions
to the jury. This statute is not rigidly enforced in practice, by reason of
mutual concessions by the court and counsel, the court generally giving
the instructions necessary to present the issues, and readily accepting
suggestions of counsel in relation to any oversights, omissions or correc-
tions in the charge. It appears that in this case the court suggested that
counsel might call his attention to anything that they thought he might
have omitted.

No requests, written or oral, were submitted to the court, either before
the argument to the jury or before the court had concluded his charge.
The question then arises whether a failure to charge on an issue made in

1[See opinion on page 150, infra. Reporter.]

the pleadings, where no previous request has been made, is error. If the record before us is to be relied upon, no request was made.

It was held in the case of State v. Johnson, 37 Minn. 493, 35 N. W. 373, that, "after the court had charged the jury, the defendant excepted to its refusal to define manslaughter in the second degree. It defined murder in the first and second degrees, and manslaughter in the first degree, but we do not find in the case any request to define manslaughter in the second degree. Had the defendant supposed such definition would be of any benefit to him, he ought to have requested it to give such definition, and, not having done so, there was no ground for the exception."

In the case of State v. Sailor, 130 Minn. 84, 153 N. W. 271, it was held that "the defendant in a criminal prosecution, whether the issue of fact be one of intent or other fact, is entitled to a charge upon the presumption of innocence, overruling State v. Borgstrom, 69 Minn. 508. A failure to give such charge is not rendered harmless by giving a proper charge upon proof beyond a reasonable doubt; but if the defendant makes no request for such charge the omission to give it will not result in a reversal."

Such being the rule in a criminal prosecution, it is no hardship to apply the same rule in a civil action. It follows that, where no request is made, it is not error if the trial court merely fails to give an instruction on an issue presented by the pleadings

The order appealed from is affirmed.

On January 28, 1916, the following opinion was filed:

PER CURIAM.

Whether the opinion is right or wrong in that part of it which holds that, "where no request is made by counsel, it is not error if the trial court merely fails to give an instruction on an issue presented by the pleading," a re-examination of the record satisfies us that there was no evidence requiring the court to submit the question of contributory negligence to the jury.

That part of the opinion dealing with the subject of instructions to the jury is withdrawn.

Order affirmed.