# AUGUST DRAHEIM v. LOUIS FELL.[1]

July 9, 1915.

Nos. 19,316—(194).

**Boundary.**
The finding that the boundary line had been established by agreement and practical location for many years, is supported by the evidence. The fact that a ditch had been dug by defendant's grantor on the other side of the boundary fence to connect with other ditches on his land is not persuasive proof in favor of either party to the litigation. [Reporter.]

Action in the district court for Waseca county to restrain defendant from trespassing on the land of plaintiff. The case was tried before Childress, J., who made findings and ordered judgment making the temporary writ of injunction permanent. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*P. McGovern* and *Fred W. Senn,* for appellant.
*Moonan & Moonan,* for respondent.

PER CURIAM.

Action to enjoin a trespass upon plaintiff's land. Plaintiff was granted the relief demanded and defendant appeals from the order denying him a new trial.

In his brief defendant asserts that injunction is not the proper remedy for trespass. The assignments of error do not raise the point, nor does it seem to have been made in the court below. The controversy springs from a disputed boundary line. Defendant admitted that he had trespassed upon land which the court found to be plaintiff's, and on the stand he asserted his determination again to enter upon the land, erect a fence thereon, and inclose it within his own premises. Even were the point now open to defendant, his own admissions show that he was rightfully enjoined upon the authority of Colliton v. Oxborough, 86 Minn. 361, 90 N. W. 793, and Baldwin v. Fischer, 110 Minn. 186, 124 N. W. 1094.

The appeal must be determined upon the sufficiency of the evidence to sustain the findings that the boundary line adopted by the court, and contended for by plaintiff, had, by agreement and practical location, been established for about 30 years previous to this suit. Plaintiff's land was to the east of the section line and defendant's to the west. For more than 20 years a fence had been main-

[1] Reported in 153 N. W. 513.

tained between the owners, except that the north end of the fence had been moved east for some years to give the then owner of the land to the west of the section line a dryer access. But some time before plaintiff became owner his grantor requested defendant to place the fence back upon the old line. This was done after both had measured from some accredited stakes and concluded the old line to be accurate. The defendant relied upon the fact that a ditch was dug immediately east of this fence by one of his remote grantors, which ditch connected with other ditches upon his land to the west of the fence. He argues: It is unlikely that a person would dig a ditch which is part of his drainage system upon the land of another. And his explanation of the fence not being placed on the east of the ditch is that the then owner did not want his own cattle to destroy the ditch. We may observe that the digging of the ditch to the east of the line fence by the owner of the lands west of the fence is not persuasive proof either for or against either party.

The defendant also claims that he has by survey established the true government section line to be from 7 to 23 feet east of the line found by the court. This is not important since the court found a practical location existed for upwards of 30 years. The evidence sustains the finding. But take defendant's survey. It appears that he has caused two to be made of this boundary line. A former county surveyor, hired by defendant, found the line substantially the same as plaintiff contends for. The subsequent survey upon which defendant now relies is so discredited by the record that the trial court was amply justified in rejecting it.

Affirmed.