JEANNETTE McDIVITT, APPELLEE, v. MARIE E. BRONSON,
APPELLANT.

FILED JULY 3, 1917.   No. 19571.

Ejectment: RIGHT TO MAINTAIN.  Where a building projects over and
   upon the land of an adjoining proprietor, the latter may maintain
   ejectment to recover possession of that portion of his property
   which is occupied by the encroaching structure.

APPEAL from the district court for Red Willow county:
ERNEST B. PERRY, JUDGE.  *Affirmed.*

*Eldred, Cordeal & McCarl,* for appellant.

*J. L. Rice, contra.*

LETTON, J.

Defendant was the owner of two lots in the city of Mc-
Cook, upon one of which her dwelling stood.  She sold the
other to plaintiff, who was intending to build.  Plaintiff
procured plans for the erection of a dwelling on the lot she
purchased and let the contract for the erection of the house.
She had the lot surveyed before beginning excavation for
the foundation.  It was then ascertained that a bay of de-
fendant's house projected over and into the lot plaintiff
had purchased.  The portion which encroached was about
12 or 14 feet long and a little over 2 feet wide, exclusive of
the eaves which projected about 2½ feet further.  Plain-
tiff desired to use the strip upon which the house en-
croached as a driveway.  She proposed to defendant that
she (plaintiff) reconvey the lot and have a return of the
purchase money.  Plaintiff also negotiated with other
parties with reference to the purchase of another lot.  She
also offered to accept $250 and reconvey the five-foot strip.
The testimony tends to prove that defendant said she
could not return the money and take the lot back because
she had sent the money away.  She declined to pay $250
for the strip.  Plaintiff then proceeded with the construc-

tion of her house. She attempted to purchase a five-foot strip on the other side of the lot for a driveway, but the owner asked $400 for it and she did not purchase. Defendant has retained the full amount of the purchase money, and has never tendered or offered to pay or return to plaintiff any money from the time of the purchase until the present time. Plaintiff brought this action in ejectment to recover possession of the five-foot strip. It was disclosed at the trial that plaintiff was in possession of all the strip except that occupied by the encroachment of the dwelling. The cause was tried without the intervention of a jury. The court found that the building and eaves projected 4 feet 5 inches into plaintiff's lot, and that the plaintiff had sustained nominal damages of one cent, and rendered judgment of ouster. Defendant appeals.

The petition was the ordinary form in ejectment. The answer set up that the plaintiff knew of the encroachment when she purchased the lot and agreed that it might remain there, but there is absolutely no proof to support these allegations. The only assignment of error is that the judgment of the district court is contrary to law. Under this assignment two propositions are advanced; First, that it is essential to the action that plaintiff show that she has been ousted by the defendant; second, that ejectment will not lie for a portion of a building if the building will be so destroyed as to lose its identity.

In *Dale v. Hunneman,* 12 Neb. 221, the question whether it was necessary to prove ouster before an action of ejectment could be maintained was considered, and it was held that while this was essential at common law it was unnecessary in a modern action under the Code, and that all that is necessary to entitle the plaintiff to the action is that he has a legal estate in the premises, is entitled to possession of the same, and that the defendant unlawfully keeps him out of possession. *Bridenbaugh v. Bryant,* 79 Neb. 329.

As to the second point, only a small portion of defendant's dwelling projects into plaintiff's lot, which can be

In re Estate of Craig.

be cut off and the main building left. The rule is that, where one encroaches by a building upon the land of another, ejectment is the proper remedy. *Butler v. Frontier Telephone Co.*, 186 N. Y. 486; *Wachstein v. Christopher*, 128 Ga. 229; *Johnson v. Minnesota Tribune Co.*, 91 Minn. 476; *Cromwell v. Hughes,* 144 Mich. 3. If it were not so, the adverse possession of the wrongdoer would ripen into a perfect title as against the owner. The finding of the court upon the facts in such an action is entitled to the same weight as the verdict of a jury. Defendant contends that plaintiff has mistaken her remedy, which is in equity. Plaintiff offered to rescind if defendant would return the money, but this offer was refused. She also offered to reconvey the strip to defendant for $250, which seems fair and reasonable, when the evidence shows that a like strip on the other side of the lot would have cost her $400. It would seem, therefore, that plaintiff has offered to do equity. Defendant has not pleaded an equitable defense, but has set up a legal defense which there is absolutely no evidence to sustain, and plaintiff is therefore entitled to judgment. It is unfortunate that this condition exists, but defendant seems to have brought it largely upon herself by her refusal to return the purchase money. It is to be hoped that even now an equitable adjustment can be made between these neighbors.

The judgment of the district court is

AFFIRMED.