# BERTHA KLAMAN v. CLYDE H. HITCHCOCK AND ANOTHER.[1]

July 3, 1930.

No. 28,020.

*J. Frank Boyles, F. P. Shannon* and *L. K. Eaton,* for appellants.
*A. M. Gunn* and *John R. Carey,* for respondent.

[1]Reported in 231 N. W. 716.

OLSEN, C.

Appeal by defendants from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff brings the action to recover damages for personal injury. Defendants are the proprietors of and operate a moving picture theater in Minneapolis. On the evening of November 7, 1928, the plaintiff paid for admission to and attended a picture show in the theater. During the performance and while sitting in her seat on the main floor of the theater she was struck on the head and injured by a wooden chair seat which fell or was precipitated from the balcony.

There is evidence on the part of the plaintiff tending to show that the chairs or seats in the balcony were old, dilapidated, and some of them broken; that this chair seat had been broken out of one of the chairs; that during the performance this chair seat was lying on the rail in front of the balcony; that this rail was about seven inches wide and rounded so that the flat surface thereof was only five inches wide and an insecure place upon which to rest a chair seat about 16 by 18 inches in size; that the seat, by reason of instability or some vibration, slipped and fell from the balcony rail and upon plaintiff's head; that there were no persons near or in contact with the seat at the time it fell. Plaintiff's evidence does not show how or by whom the seat was placed on the railing or how long it had remained there, except that it was there for a time during the performance.

There is evidence on the part of the defendants tending to show that three boys were in the balcony at the time and that one of them threw the seat down therefrom, but this evidence was not conclusive or such that the jury was bound to accept it.

The duty of the defendants was to exercise ordinary care to prevent injury to their patrons, due care under the circumstances and the situation shown. The standard of care is that which persons of ordinary prudence usually exercise under similar circumstances, care commensurate with the circumstances. We do not apply any different standard except, perhaps, in the case of pas-

sengers transported by common carriers or in situations of like character. See Bibeau v. Fred W. Pearce Corp. 173 Minn. 331, 217 N. W. 374. What is due or ordinary care varies with the situation and circumstances in each particular case, but the standard remains the same. Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895. In Mastad v. Swedish Brethren, 83 Minn. 40, 85 N. W. 913, 53 L. R. A. 803, 85 A. S. R. 446, and in Wells v. Minneapolis B. & A. Assn. 122 Minn. 327, 142 N. W. 706, 46 L.R.A.(N.S.) 606, Ann. Cas. 1914D, 1123, it is stated that as to patrons of a place of public entertainment or amusement the proprietor thereof must exercise a high degree of care for the safety of those invited. This is not the application of any different standard, but a holding that under the particular circumstances the standard of ordinary care requires a high degree of care. In the note to Frye v. Omaha & C. B. St. Ry. Co. 106 Neb. 333, 183 N. W. 567, 22 A. L. R. 607, 611, the author sums up the holdings of the decisions as follows:

"While the proprietor or manager of a place of public amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises generally, the rule is that he is not an insurer of safety of patrons, but owes to them only what, under the particular circumstances, is 'ordinary' or 'reasonable' care."

We are agreed that under the evidence in the record before us it was a proper question for the jury to determine whether there was a failure on the part of the defendants to exercise the ordinary or due care required under the circumstances, and that the verdict finding the defendants negligent is sustained by the evidence.

The jury returned a verdict for $7,000. The trial court, as a condition to the denial of the motion for a new trial, reduced the verdict to $4,000. It is urged that the verdict was so excessive as to indicate that it was given under the influence of passion and prejudice and that the court erred in not granting a new trial unconditionally. The rule as to when the trial court may conditionally reduce a verdict instead of unconditionally granting a new

trial is clearly and fully stated in Goss v. Goss, 102 Minn. 346, 348, 113 N. W. 690, 691, as follows:

"The rule is now too well settled to be seriously questioned that the trial court may, in actions of tort, as well as in actions on contract, in the exercise of a sound judicial discretion, when it deems a verdict excessive and the result of passion and prejudice on the part of the jury, deny a new trial on condition that the prevailing party remit such sum as shall leave the recovery not excessive in the judgment of the court. When, however, the damages are so excessive, and the circumstances as disclosed by the evidence as to other issues are such as to indicate a fair probability that the jury were influenced by passion or prejudice in the determination of the other issues, a new trial should be granted. Whether in any given case a new trial should be granted or denied on condition that the verdict be reduced rests largely in the sound judicial discretion of the trial court."

Cox v. C. G. W. R. Co. 176 Minn. 437, 223 N. W. 675, is to the same effect.

The record before us discloses nothing which could reasonably induce passion or prejudice on the part of the jury. Counsel has not referred to any circumstances disclosed by the record or to any evidence tending to cause passion or prejudice. We have the simple fact that the verdict returned was much too large. The trial court exercised its discretion and considered that a reduction of the verdict, rather than an unconditional new trial, should be granted. We cannot say that the court abused its discretion or that the verdict as reduced is now excessive.

It is assigned as error that the court failed to define "proximate cause" and, in that connection, failed to instruct the jury as to an independent, efficient intervening cause. The defendants in their answer alleged as one of their defenses that plaintiff's injuries were caused by the fault and negligence of others, for whose acts the defendants were not liable. The court in presenting the case to the jury said:

"The defendants, on the other hand, deny that they were careless or negligent, but claim that the seat did not fall from the balcony but was thrown from it by some boys who were in the balcony at that time, and over whom they had no control. They claim that the injury was caused through no negligence of their own and they ask that the plaintiff take nothing."

The jurors were further instructed that they were to return a verdict in favor of the plaintiff if plaintiff had convinced them by a fair preponderance of the evidence of the negligence of the defendants and that such negligence was the proximate cause of the accident and resulting injury to plaintiff. "Proximate cause" was not defined. While "proximate cause" is often and perhaps generally amplified or defined to the jury in the charge of the court, we cannot say that it must necessarily be defined. In the absence of any request and where the attention of the court is not called to any omission, we cannot hold the failure to define the term to be reversible error. The words are common English words and reasonably well understood even by the layman. Proximate cause negatives the existence of any independent, efficient intervening cause; and in finding that defendants' negligence was the proximate cause of the injury the jury found that there was no other efficient intervening cause. From the record we gather that the issues in the case were fully tried out before the jury, that the question of what caused the seat to fall was fairly presented to the jury by each party, and that the jury fully understood that if the seat was thrown down by a boy, as claimed by defendants, there was no liability, or, if the seat fell without any fault on defendants' part, no liability resulted. Defendants made no request to charge on any issue and did not call the court's attention to any omission.

The general rule is that an omission to charge, even upon a litigated issue in a case, is not reversible error in the absence of any request and where the attention of the court is not called to the omission at the time. Only a few of the numerous cases on this point need be cited. Gasser v. Wall, 115 Minn. 59, 131 N. W. 850; State v. Sailor, 130 Minn. 84, 153 N. W. 271; Smith v. G. N. Ry. Co.

132 Minn. 147, 153 N. W. 513, 155 N. W. 1040; State v. Hines, 148 Minn. 393, 182 N. W. 450; Outcelt v. C. B. & Q. R. Co. 150 Minn. 398, 185 N. W. 495; Spangenberg v. Christian, 151 Minn. 356, 186 N. W. 700; Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198. Failure to define such terms as "proximate cause" and "reasonable doubt" has been held not reversible error. A long list of the cases is cited in 5 Dunnell, Minn. Dig. (2 ed.) in note 46 commencing on page 93. There is an exception to the general rule where the court has given a clearly erroneous instruction upon a controlling proposition of law or where it not only fails to instruct upon a material issue in the case but in effect withdraws such issue from the jury. In such cases the error may be raised on motion for a new trial and by proper assignment of error on appeal. Robertson v. Burton, 88 Minn. 151, 92 N. W. 538, is such a case. There the court failed to instruct upon a material issue and directed a verdict, thus withdrawing the issue from the jury. In Ellington v. G. N. Ry. Co. 92 Minn. 470, 100 N. W. 218, the limitations of the Robertson case were pointed out and a mere failure to instruct on the issue of contributory negligence was held not reversible error. The limitations of the Robertson case were again pointed out in Bailey v. Grand Forks Lbr. Co. 107 Minn. 192, 119 N. W. 786. Our present case does not come within the exception but under the general rule.

Errors are assigned upon other portions of the charge as given. They have all been examined and found not to present any reversible error. That the court, in defining "negligence," added thereto, "as the result of which a person or property is injured," was in no way prejudicial to defendants. The sentence at the end of the charge, that the jury was to take the case and "do with it what you think is right and just between these parties without fear or favor," coming after the court had defined the issues and given the law to be applied thereto, must be taken as qualified and limited by the charge given. The statement could well have been omitted or limited, but in the connection in which it was given it could not have misled the jury.

The evidence sustains the verdict as reduced, and we find no reversible errors.

Order affirmed.