## AMERICAN RELIABLE INSURANCE COMPANY v. MODERN HOMES, INC., AND ANOTHER.

247 N. W. 2d 39.

October 29, 1976—No. 45074.

*Greenberg, Bloomquist & Colosimo* and *John M. Colosimo,* for appellant.

*Jardine, Logan & O'Brien* and *Michael J. Healey,* for respondent Modern Homes, Inc.

Heard before Peterson, Todd, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Ronald Heitzman purchased a trailer home from Modern Homes, Inc. (Modern) which was manufactured by Northern Aire Manufacturing Company (Northern). Heitzman procured fire insurance from American Reliable Insurance Company (American). The trailer home burned and American as subrogee of Heitzman brought a products liability action to recover its loss. The jury determined the product to be defective, but found no causation. We affirm.

American presents two issues on appeal:

"I.  Was the special verdict returned by the jury so manifestly inconsistent with the evidence that the plaintiff was entitled to a judgment notwithstanding the verdict or in the alternative a new trial?

"II.  Did the Court commit prejudicial error by neglecting to charge the jury on the applicable meaning of direct cause over the exception of the plaintiff's counsel?"

■  As to the first issue, we perceive no need to detail the evidence since our careful review of the record in this case discloses that when the testimony is considered in the light most favorable to the prevailing party the evidence as a whole reasonably sustains the jury's findings. 1B Dunnell, Dig. (3 ed.) §§ 371, 388.

■  The circumstances giving rise to the second issue occurred at the close of testimony. Prior to the submission of the case to the jury, American submitted to the court in chambers requested instructions, including an instruction as to the meaning of causation. The trial court declined to give American's

requested causation instruction and specifically advised counsel that it would instead give Minnesota Jury Instruction Guides, Instruction 140, on "direct cause." American objected to the refusal to give its requested instructions and to the submission of JIG 140. In the course of delivering his instructions to the jury, the trial judge inadvertently failed to include JIG 140. However, when the judge inquired of counsel immediately following his instructions whether they had any exceptions to the charge as given, neither counsel for American nor opposing counsel brought this omission to the judge's attention. American now alleges as fundamental error the failure to give any instruction on the concept of direct cause and still presses the claim that its proposed causation instruction should have been given in lieu of JIG 140.

We have reviewed the causation instruction originally requested by American and affirm the decision of the trial court in declining to submit it to the jury. In considering the omission of JIG 140—which American does not contend was anything other than an inadvertent error—we are constrained by the strict limitations set forth in Rule 51, Rules of Civil Procedure, as to the circumstances in which such an inadvertent omission may be the subject of valid challenge on appeal:

"* * * No party may assign as error unintentional * * * omissions in the charge, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."

By way of contrast, the same rule provides that "[a]n error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

Rule 51 follows the law applicable in Minnesota prior to the adoption of the rules. See, 2 Hetland & Adamson, Minnesota Practice, Annotation to Rule 51, §§ 206, 208. The rationale for imposing what is in effect a sanction upon counsel for failing to alert the court to its error is explained in the Authors' Com-

ments to Rule 51, 2 Hetland & Adamson, Minnesota Practice, p. 366:

"* * * The party is as much at fault as the court for the failure to instruct particularly if the error was relatively apparent and the law relatively simple. If the error was difficult to notice and the failure to object was excusable, then the propriety of the objection in the new trial motion, becomes more clearly a matter of fundamental law. Courts are reluctant to grant a new trial if they believe that the party is using the failure to object as a tactical device by waiting for the jury verdict before raising the error. See Knutson v. Arrigoni Brothers Co., 275 Minn. 408, 147 N. W. 2d 561 (1966) * * *."

The failure to instruct in the present case should have been patently obvious and involved no complex or esoteric point of law. Therefore, by the foregoing standard, the omitted instruction is deemed to have been waived.

Such a conclusion not only follows from the general principle enunciated by Rule 51, but is also dictated by Minnesota precedents squarely on point. In Strobel v. Chicago, R. I. & P. R. Co. 255 Minn. 201, 96 N. W. 2d 195 (1959), we ruled that an erroneous definition of proximate cause as the "dominant" cause constituted an "error of fundamental law" subject to objection in a new trial motion even though it was not otherwise called to the attention of the court. However, we distinguished such an affirmative misleading of the jury from the mere failure to give any instruction at all on the meaning of "proximate cause" and held that the latter was not subject to scrutiny on a posttrial motion when counsel failed to object prior to the jury's retiring in Greenberg v. Holfeltz, 244 Minn. 175, 69 N. W. 2d 369 (1955), and Klaman v. Hitchcock, 181 Minn. 109, 231 N. W. 716 (1930). The Strobel court explained the distinction between an incorrect instruction and an omitted instruction, whereby only the former is deemed a "fundamental error" for purposes of Rule 51, as follows:

"* * * [T]he words 'proximate cause'[1] are common English words and reasonably well understood by the layman. Clearly * * * the failure of the trial court to define proximate cause in its charge is merely an inadvertent error by way of omission, but, in contrast thereto, where the trial court commits an affirmative error by erroneously defining proximate cause * * * the error is one of fundamental law or controlling principle. The analogy between the Greenberg and Klaman cases and this case is the same as the analogy between nonfeasance and misfeasance." 255 Minn. 207, 96 N. W. 2d 200.

The foregoing authorities afford sufficient support for an affirmance of the trial judge's denial of the new trial motion, but the case of Jablinske v. Eckstrom, 247 Minn. 140, 76 N. W. 2d 654 (1956), growing out of a fact situation very like that involved here, emphatically underscores that conclusion. In that case, as in this one, counsel for one of the parties submitted proposed instructions to the trial judge. The trial judge agreed to give one of the requested instructions, but through oversight failed to give the instruction he had stated he would give. At the completion of the charge, the court inquired of the parties whether there were any exceptions to the charge, but counsel did not call the court's attention to its inadvertence in failing to give the instruction so the jury retired for its deliberations without the benefit of the instruction. In view of this record, this court held (247 Minn. 148, 76 N. W. 2d 659):

"* * * It was the duty of the defendants to call the court's attention to the oversight. A party may not remain silent where there is an unintentional omission in the charge and thereafter assign as error the failure of the court to give the omitted instruction. In view of what transpired, defendants have pre-

---

[1] The synonym "direct cause," utilized instead in the present case, is a fortiori comprehensible to the lay juror.

cluded themselves from asserting such omission as a ground for a new trial."

Affirmed.