Melanie ABEL, a minor, by her father and natural guardian, Raymond J. Abel, and Raymond J. Abel, individually, Appellants,

v.

J. C. PENNEY CO., INC., a Delaware corporation; Simplicity Pattern Co., Inc.; and M. Lowenstein & Sons, Inc., a corporation, Appellees.

No. 80–1824.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1981.

Decided Oct. 9, 1981.

Thomas J. Lyons, St. Paul, Minn., for appellants; Douglas Peine, Minneapolis, Minn., of counsel.

John J. Killen (argued) and Nicholas Ostapenko, Duluth, Minn., for appellee J. C. Penney Co., Inc.

Robert T. White and Steven J. Kirsch (argued), St. Paul, Minn., for appellee Simplicity Pattern Co., Inc.

Richard D. Allen (argued), Richard D. Allen, Ltd., Minneapolis, Minn., and George Vernon, Karon, Morrison & Savikas, Ltd., Chicago, Ill., for appellee M. Lowenstein & Sons, Inc.

Before ROSS and ARNOLD, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

Melanie Abel, a minor, through her father and natural guardian, Raymond Abel, brought suit against the J. C. Penney Co., the Simplicity Pattern Co., and M. Lowenstein and Sons, Inc., for injuries suffered by Melanie when her flannelette nightgown

* The Honorable William C. Hanson, United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

caught fire. The District Court[1] dismissed plaintiffs' strict-liability claim against Simplicity before trial, and directed a verdict for Simplicity on the negligence claim after the close of the plaintiffs' case. The jury, although finding that Penney's and Lowenstein were negligent, found that their negligence was not the proximate cause[2] of plaintiffs' loss. The jury also found that plaintiffs and Melanie's grandmother were negligent and that their negligence *was* the proximate cause of the loss. Judgment was entered for defendants.

Melanie's grandmother purchased from Penney's a length of 100% cotton flannelette fabric that was manufactured by Lowenstein. Out of the fabric, she made a nightgown using a pattern made by Simplicity. Cotton flannelette was among the suggested fabrics listed on the back of the pattern envelope. Melanie, six years old at the time of the accident, was wearing the flannelette nightgown while playing with matches.[3] The nightgown ignited, and Melanie suffered second- and third-degree burns over 35% of her body.

At the time Mrs. Signe Abel, Melanie's grandmother, purchased the fabric, a Department of Commerce regulation prohibited the sale of manufactured items of children's sleepwear sizes 0–6X which were not flame retardant. The regulation did not, however, prohibit the sale generally of untreated cotton flannelette. It did proscribe the sale in piece goods of untreated cotton flannelette which by reference to the pattern and color was obviously designed to be made into children's sleepwear. Mrs. Abel, a very experienced seamstress, was aware of the differences between flame-retardant fabrics and untreated fabrics. She stated a preference, however, for untreated fabric because of its texture and unobjectionable smell.

Penney's had displayed in the particular store from which Mrs. Abel purchased the fabric large signs cautioning customers to purchase only flame-retardant fabrics if the fabric was intended for use in children's sleepwear. In addition, the end boards around which the fabric was wrapped contained information on whether or not that particular fabric was flame-retardant. Mrs. Abel testified, during trial, that she did not see the signs nor check the board ends before purchasing the fabric, but that warnings would have made no difference to her. She simply preferred untreated fabric.

Plaintiffs claim on appeal that the District Court should have submitted both the negligence and the strict-liability claims against Simplicity to the jury. They also claim that the jury was wrongly instructed on superseding and concurrent cause. These questions all turn on the law of Minnesota. We are satisfied that the District Court correctly applied the law of its own state. While plaintiffs' arguments are not insubstantial, no case decided by the Supreme Court of Minnesota clearly indicates that its decision on these questions would have been any different from that of the court below.

The judgment is affirmed.

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota. The pre-trial decision dismissing the strict-liability claim against Simplicity is reported as *Abel v. J. C. Penney Co.*, 488 F.Supp. 891 (D.Minn.1980).

2. The trial court used the term "direct cause." Apparently, under Minnesota law, direct cause is synonymous with proximate cause. See *American Reliable Insurance Co. v. Modern Homes, Inc.*, 311 Minn. 1, 247 N.W.2d 39, 41 n.1 (1976).

3. Melanie or her brother had apparently been playing with matches the day before the accident occurred. Her parents were made aware of this after burnt matches were discovered in the bathroom.