**The H WINDOW COMPANY,**
Appellant,

v.

**CASCADE WOOD PRODUCTS, INC., Respondent.**

No. C1–98–2374.

Court of Appeals of Minnesota.

June 29, 1999.

Review Denied Aug. 17, 1999.

Charles F. Webber, David J.F. Gross, Faegre & Benson LLP, Minneapolis, for appellant.

Robert J. McGuire, Dale J. Evensen, Cousineau, McGuire & Anderson, Chartered, Minneapolis; and William C. Hicks, Messerli & Kramer, P.A., Minneapolis, for respondent.

Considered and decided by
SCHUMACHER, Presiding Judge,
PARKER, Judge, and SCHULTZ, Judge.*

## OPINION

PARKER, Judge.**

Appellant challenges the district court's order granting a new trial after a jury verdict in appellant's favor in this breach-of-warranties action. Appellant asserts that the district court erred in granting respondent's motion for a new trial, which was based on a purported failure to in-

struct the jury on causation. In the alternative, appellant argues that the district court erred by granting a new trial on both liability and damages because the damages award was unrelated to causation. Respondent asserts that the district court order can be upheld on the grounds stated by the district court and on alternative grounds because the district court also erred at trial by (a) permitting appellant to introduce evidence about destroyed windows and (b) refusing to give jury instructions on notice of breach of warranty and failure to examine the product. We reverse and order the verdict reinstated.

## FACTS

Appellant H Window Company (H Window) manufactures windows. In 1994, H Window began purchasing pine sash parts for its "Series 203" windows from respondent Cascade Wood Products, Inc., (Cascade). Cascade was H Window's only supplier of pine sash parts. Cascade made the sash parts by gluing together two pieces of wood in order to obtain the desired thickness. Cascade initially glued two pieces of "Grade A" wood together, but in July 1995 began gluing together one piece of Grade A wood and one piece of "finger-jointed" wood.[1] H Window did not object to the use of finger-jointed wood.

In the fall of 1995, H Window began receiving complaints from their customers, who asserted that the windows were bowing or warping. H Window received complaints about more than 900 windows and replaced them all. The replaced windows had pine sashes, and all were made by joining pieces of Grade A wood with finger-jointed wood.

In February 1996, H Window commenced this action against Cascade, asserting that Cascade breached express and

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Finger-jointed wood is composed of short blocks of wood glued together.

implied warranties. Cascade denied liability and counterclaimed, asserting that H Window failed to pay for the last three shipments of wood Cascade sent it. A trial was held in September and October 1998, and the jury returned a special verdict form stating that Cascade breached a warranty of merchantability, a warranty that the sash parts were fit for their particular purpose, and its express warranty. The jury awarded H Window $257,916 for out-of-pocket costs and $570,450 for lost profits. On Cascade's counterclaim, the jury determined that H Window breached its contract with Cascade by not paying the amount due under the contract. The jury awarded Cascade $78,766 on the counterclaim.

Cascade moved for judgment notwithstanding the verdict and, alternatively, for a new trial or remittitur of damages. The district court granted Cascade's motion for a new trial on both liability and damages after deciding that the court had erred as a matter of law by failing to instruct the jury on causation.

### ISSUES

1. Did the district court err in granting a new trial based on a failure to instruct the jury on causation?

2. Can the district court's order granting a new trial be upheld based on alternative grounds?

### ANALYSIS

■ If the district court grants a new trial based on an error of law, the appellate court reviews the decision de novo. *Halla Nursery, Inc. v. Baumann–Furrie*

& *Co.*, 454 N.W.2d 905, 910 (Minn.1990). Here, the parties agree that the district court granted a new trial based on a perception of error as a matter of law.

### I.

H Window asserts that Cascade waived its right to object to an alleged failure by the district court to give a causation instruction because Cascade's attorney on the warranty issues [2] did not request an instruction on direct cause and did not request a special verdict form question addressing causation.[3] H Window also argues that even if Cascade did not waive its right to object, the instructions adequately addressed causation.

■ A party cannot claim error in the jury instructions unless that party objects to the instructions before the jury retires to deliberate. Minn. R. Civ. P. 51. Such objection must specifically state "the matter to which that party objects and the ground of the objections." *Id.* Further, a party who fails to object to a special verdict form before its submission to the jury, waives any later objection. *Estate of Hartz v. Nelson*, 437 N.W.2d 749, 752 (Minn.App.1989), *review denied* (Minn. July 12, 1989).

■ Cascade's defense counsel did not ask for a direct cause instruction in its proposed jury instructions submitted to the court in April 1998 and did not include any questions related to direct cause in the proposed special verdict. Cascade insists that it requested a direct cause instruction in arguments held off the record. The district court stated at trial that there had been an off-the-record discussion about

---

**2.** Cascade hired two separate law firms to represent it; one to defend it against H Window's warranty claims and one to pursue Cascade's counterclaim. The firms filed separate proposed jury instructions and proposed special verdict forms. The firm representing Cascade on the counterclaim requested the court read CIVJIG 140, which defines direct cause. The district court denied this request.

**3.** Cascade asserts on appeal that H Window did not raise the waiver issue below. Despite Cascade's assertion, at the motion for new trial hearing the district court itself questioned whether Cascade's attorney on the warranty claims had objected to the instructions before their submission to the jury. Also, H Window asserted at the hearing that Cascade's attorney on the warranty issues had not made a previous objection to the lack of a causation instruction.

jury instructions and the special verdict form. The court then asked counsel to make objections on the record. Cascade's defense counsel stated:

> The defendant Cascade Wood Products understands the Court is not going to give the requested instruction on direct cause. And we would like the record to reflect our objection to that, please, for the reasons already stated.

This statement alone did not preserve Cascade's objection because it does not state the grounds for the objection and it does not indicate exactly what instruction Cascade was seeking. *See* Minn. R. Civ. P. 51 (requiring objections to address "the matter to which the party objects and the ground of the objections"). Further, Cascade made no objection to the district court's failure to expressly address "direct cause" in the special verdict form. Therefore, Cascade waived any right to object to the lack of a direct cause instruction in the special verdict form. *See Estate of Hartz,* 437 N.W.2d at 752 (stating party who fails to object to special verdict form before submission to jury, waives right to later object to special verdict form).

 Despite Cascade's failure to make a timely objection to the lack of a direct cause instruction, the district court may have properly reviewed the issue pursuant to the new trial motion if the lack of such an instruction was an error of "fundamental law or controlling principle." Minn. R. Civ. P. 51 ("An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial.").

> An error in jury instructions is fundamental or controlling if it destroys the substantial correctness of the charge as a whole, causes a miscarriage of justice, or results in substantial prejudice on an issue vital in the litigation.

*Marshall v. Galvez,* 480 N.W.2d 358, 362–63 (Minn.App.1992).

In awarding a new trial, the district court relied on *Heil v. Standard Chem.* *Mfg. Co.,* 301 Minn. 315, 223 N.W.2d 37 (1974). In *Heil,* plaintiff brought an action against a feed company, alleging in part that the company breached an express warranty guaranteeing that a feed supplement would cause calves to gain weight at a rate of two pounds per day. *Id.* at 316–17, 223 N.W.2d at 38. The jury awarded plaintiff damages, and the district court denied the company's motion for a new trial on this issue. *Id.* at 317, 223 N.W.2d at 38.

In reversing and remanding, the supreme court emphasized that "causation should at least have been mentioned by the lower court in its instructions to the jury." *Id.* at 326, 223 N.W.2d at 43. The supreme court also noted there was little evidence that the feed supplement was actually the cause of the failed weight gain. *Id.* Although the supreme court recognized the district court instructed the jury that the company was not "liable for any losses which were not the direct result of any failure of the defendant's product," the supreme court concluded:

> [T]he statement to the jury that defendant's liability depends upon the damage being the direct result of its, and not plaintiff's failure, is not sufficient without the more definite requirement of an affirmative finding under the special verdict that the breach of warranty proximately caused plaintiff's damages.

*Id.* at 326–27, 223 N.W.2d at 43. The court went on to state, "without an affirmative finding by the jury on causation, the conclusion that the entire verdict is based upon speculation is well supported." *Id.* at 327, 223 N.W.2d at 43.

Here, unlike in *Heil,* there was substantial evidence that the damages H Window suffered were caused by Cascade's breach of warranties. Further, both the jury instructions and the special verdict form addressed causation. The district court specifically instructed the jury that H Window was entitled to only those consequential and incidental damages "resulting from"

Cascade's breach of warranty. In the special verdict form the jury was asked:

> What amount of money will fairly and adequately compensate H Window for the damages it suffered *as a result of* Cascade's breach of warranty?

(Emphasis added.) We believe these instructions all indicate the jury's attention must be focused on the breach of warranty in order to decide that Cascade was responsible for the damages. The jury was informed that it could only award damages that "resulted from" or, synonymously, were "caused by" Cascade's breach of warranty. *See Roget's International Thesaurus* § 154.8 (4th ed.1977) (listing "caused by" as a synonym of "resulting from").

Two years after *Heil*, the supreme court concluded in *American Reliable Ins. Co. v. Modern Homes, Inc.*, 311 Minn. 1, 3, 247 N.W.2d 39, 40 (1976), that a district court's inadvertent omission of an instruction defining direct cause did not constitute fundamental error. In reaching its conclusion, the supreme court relied on *Strobel v. Chicago, Rock Island & Pac. R.R.*, 255 Minn. 201, 96 N.W.2d 195 (1959). *Id.* at 4–5, 247 N.W.2d at 41. In *Strobel*, the supreme court explained that a district court's failure to define proximate cause "is merely an error by way of omission." *Strobel*, 255 Minn. at 207, 96 N.W.2d at 200. In contrast, the district court commits an error of fundamental law if it erroneously defines proximate cause. *Id.*

There was no affirmative misleading of the jury here. The district court did not give erroneous instructions to the jury, as the supreme court warned against in *Strobel*. Instead, at most, this was an error of omission similar to the omission in *American Reliable*. Thus, we conclude that the district court's decision not to give an instruction defining causation did not constitute unfair prejudice to Cascade and was not an error of fundamental law. The district court, therefore, erred by granting

a new trial based on the lack of a causation instruction.[4]

■ While we conclude that the district court's instructions here were adequate, we note that the better practice is to provide the jury with carefully drafted, substantive causation instructions going beyond the mere definition of causation in CIVJIG 140. It is difficult for us to perceive that even had the court given a CIVJIG 140 instruction, it would have had any effect on the jury's deliberations.

## II.

Cascade argues that even if this court concludes that the district court's causation instructions were not erroneous, this court should affirm the grant of a new trial because the court committed other errors of law during the trial. *See* Minn. R.App. P. 103.03(d) (stating, on appeal, "order granting a new trial may be sustained for errors of law prejudicial to respondent other than those specified by the trial court").

### A. Destruction of Evidence

■ Cascade asserts that because H Window destroyed more than 500 of the over 900 windows H Windows replaced, as a matter of law, testimony on liability or damages should have been limited to the approximately 400 remaining sash pieces.

■ A district court's decision on whether to admit or exclude evidence will not be reversed on appeal unless the decision constitutes an abuse of discretion or is based on an erroneous view of the law. *Uselman v. Uselman*, 464 N.W.2d 130, 138 (Minn.1990). "Entitlement to a new trial on the grounds of improper evidentiary rulings rests upon the complaining party's ability to demonstrate prejudicial error." *Id.* (citation omitted).

It is undisputed that all of the replaced windows were of the same model. Cas-

---

4. Because we hold that the district court erred in granting a new trial, we do not reach H Window's alternative argument that the

district court erred by granting a new trial on both liability and damages.

cade does not argue that the destroyed windows were constructed in a manner different from the manner in which the approximately 400 windows that were not destroyed were constructed. Because there is no assertion that the destroyed windows were constructed in a different manner, Cascade has failed to demonstrate that the district court's decision to permit evidence on all the replaced windows constituted prejudicial error.

### B. Other Jury Instructions

■ Even if the district court had erred as a matter of law in instructing the jury, a new trial would be required only if the error destroyed the substantial correctness of the charge, caused a miscarriage of justice, or resulted in substantial prejudice. *Pine Valley Meats, Inc. v. Canal Capital Corp.*, 566 N.W.2d 357, 362–63 (Minn.App.1997), *review denied* (Minn. Sept. 19, 1997).

#### 1. Notice of Breach of Warranty Instruction

■ Respondent argues that the district court erred as a matter of law by refusing to give a requested instruction on notification of breach of warranty. *See* Minn.Stat. § 336.2–607(3) (1998) (stating buyer must notify seller of breach within reasonable time after discovery).

The evidence here did not support the requested instruction. *See State Farm Fire & Cas. Co. v. Short*, 459 N.W.2d 111, 113 (Minn.1990) (stating party entitled to instruction on theory of case " 'if there is evidence to support the instruction and it is in accordance with applicable law' " (quoting *Sandhofer v. Abbott–Northwestern Hosp.*, 283 N.W.2d 362, 367 (Minn. 1979) (citation omitted))). Testimony by both Cascade and H Window employees indicates that H Window informed Cascade of the bowing problem in the fall of 1995, as soon as H Window began receiving a substantial number of complaints. In light of the undisputed evidence that Cascade received notification of the bowing problem immediately after H Window dis-

covered the problem, the district court did not err by refusing to give an instruction on notice.

#### 2. Failure to Examine Instruction

■ Finally, Cascade argues that the order for a new trial should be upheld because the district court erred as a matter of law by refusing to give a requested instruction on failure to examine. *See* Minn.Stat. § 336.2–316(3)(b) (1998) (stating where buyer examines goods, or refuses to examine them, before entering into contract, there is no implied warranty as to defects examination should have revealed).

It is undisputed that the bowing here resulted from uneven drying of the pieces of wood used in the sash, which occurred after the windows were installed and the building occupant began heating the building. Therefore, the defect was latent, and the instruction did not apply. *See id.* (stating "no implied warranty with regard to defects *which an examination ought in the circumstances to have revealed* " (emphasis added)); *see also Whitehouse v. Lange*, 128 Idaho 129, 910 P.2d 801, 807 (Ct.App.1996) (noting latent defects not discoverable by pre-contract examination not excluded from implied warranty coverage).

### D E C I S I O N

The district court erred in granting Cascade a new trial. Cascade failed properly to preserve an objection to the lack of a causation instruction, and the lack of such an instruction was not fundamental error. The jury was instructed that it could only award damages resulting from a breach of warranty by Cascade. These instructions were substantially correct and Cascade suffered no prejudice. The alternative grounds raised by Cascade for upholding the district court's order are without merit.

**Reversed and jury verdict ordered reinstated.**