H. J. CRUMBAUGH *et al. v.* MOBILE & OHIO RAILROAD CO.

[62 South. 233.]

1. WATERS AND WATER COURSES. *Overflow. Prescriptive rights. Adverse possession. Appeal and error. Instructions. Harmless error.*

A right to flow water over land may be acquired by prescription, and the prescription period in this state is ten years.

2. SAME.

The flowage must be under a claim of right, open, notorious, and adverse to the true owner; and it must be continuous and of such a character as to interfere with the rights of the one against whom it is claimed.

3. SAME.

Permitting water to be thrown back upon another's land for the prescription period, will raise the presumption of a grant, unless it is shown to have been done under some other right. The continuous flowage of the upper land is sufficient notice that the use is claimed to be adverse.

4. APPEAL AND ERROR. *Instructions. Harmless error.*

> The giving of an erroneous instruction for the defendant which did not prejudice plaintiff's case was harmless error.

APPEAL from the circuit court of Lee county.

HON. J. M. MITCHELL, Judge.

Suit by H. J. Crumbaugh and others against the Mobile & Ohio Railroad Company. From a judgment overruling a demurrer to its plea the plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Clayton, Mitchell & Clayton,* for appellants.

*Anderson & Long,* for appellee.

The record in this case has been lost.

REED, J., delivered the opinion of the court.

Appellant brought suit against appellee, claiming damages to his crops as to one tract of land, and both to his crops and to the freehold as to another tract of land, by reason of the same being overflowed, as the result of the changing of the channel of a creek, and the insufficiency of a trestle and opening under the track of appellee's road for the flow of water in the creek passing through the roadbed.

Appellee to this declaration interposed a plea of general issue and special pleas. One special plea set up, in substance, that the diversion of the waters of the creek from the west to the east side of the railroad had occurred more than twenty years before the institution of the suit; that the new channel and the trestle under the railroad had been maintained for that length of time in the same condition as it was when the suit was brought; that the damage to the land and crops as complained of had been recurring for more than the period named, and that such diversion had been adverse, open and notorious throughout the whole time; and that, therefore, the appellee had acquired the right by prescription to so con-

tinue to maintain the channel and trestle, even though this should result in a damage to the lands and crops. A demurrer to this plea filed by appellants was overruled. This action of the court is assigned as an error.

A right to flow water over land may be acquired by prescription. It is stated in Farnham on Water and Water Rights, vol. 2, sections 558 and 559, that "permitting water to be thrown back upon another's land for the prescriptive period will raise the presumption of a grant, unless it is shown to have been done under some other right. . . . The continuous flowage of the upper land is sufficient notice that the use is claimed to be adverse. When the right has been acquired by prescription, it is as absolute as any other right. . . . The right may be obtained, whether the obstruction to the flow of the stream is a natural or artificial one. . . . The flowage must be under a claim of right, open, notorious, and adverse to the true owner, and it must be continuous and of such a character as to interfere with the rights of the one against whom it is claimed."

The prescriptive period in this state is ten years. In the present case it is proved beyond dispute that the flow of the water of the creek in the new or present channel has been for over twenty years. In truth, it is stated that it has continued without interruption for from twenty-five to thirty years. It is also shown that the easement has continued, not only without interruption, but also it has been adverse, exclusive, open, and notorious. Therefore the easement for the flow of the water has become a prescriptive right, acquired by appellee. *Alcorn* v. *Sadler*, 71 Miss. 634, 14 South. 444, 42 Am. St. Rep. 484.

Appellant contends that the court erred in giving two instructions for appellee, defendant in the court below, which stated, in substance, that there was no testimony in the case sufficient to prove that the railroad company, appellee here, changed the channel and diverted the waters of the creek from their natural course under the rail-

road track, as alleged, and that the appellants' cause of action, so far as based on the alleged change in the course of the channel of the stream, is not proved. We do not believe that appellants' cause has been prejudiced by the giving of this instruction; for even if we should differ with the trial judge, and say that the testimony is sufficient to show that the railroad company changed the creek channel, we must conclude that under the law, as above stated and applied to this case, appellants have no right of action resulting from the diversion of the waters from their natural course to an artificial channel, because of the absolute right in appellee to continue such flow of the waters, acquired by prescription.

The other claim for damages in this case, that which is alleged to have arisen from the obstruction of the waterway through the trestle and under the railroad track by reason of large boulders and piles being thrown therein, which choked and prevented the free flow of water thereunder, resulting in an increased amount of water being cast on appellant's land, thereby damaging his land and crops, we find has been fairly submitted to the jury. The instruction given for the plaintiffs states fully the law under which they would be entiteld to recover. We note that the jury not only were informed as to the facts of the case from hearing the testimony of a number of witnesses, but that they also visited and viewed the grounds; so that they were in full possession of all the facts and circumstances, through hearing the spoken testimony of witnesses and through an actual inspection of all the premises. Their decision was in favor of appellee. We do not find any reversible error in the trial of this case.

*Affirmed.*