[L. A. No. 19318.   In Bank.   Aug. 27, 1946.]

RAYMOND R. HAILS, Appellant, v. JAMES L. MARTZ
et al., Respondents.

John A. Jorgenson for Appellant.

Frank Karr, C. W. Cornell, Cushman & Paul, Robert A. Cushman, Robert R. Ashton and George H. Emerson for Respondents.

GIBSON, C. J.—Plaintiff brought this action claiming that the defendants had wrongfully caused surface water to flow over his land. He appeals from an adverse judgment.

In 1942 plaintiff became the owner of several acres of land in Los Angeles County which he leased for agricultural purposes. This property is adjoined on the west by land owned by the defendants Martz. Both properties are bounded on the north by Del Amo Street, beyond which lies a large tract of land owned by the defendant Del Amo Estate. The defendant Pacific Electric Railway Company owns a spur track erected on an embankment crossing the Del Amo property a short distance north of Del Amo Street. The lands to the north are higher than the properties south of Del Amo Street, and during the rainy season waters flowing southward from the Del Amo property pass through two culverts located in the spur track embankment, thence southward across Del Amo Street in front of plaintiff's property.

In 1924, one Marconi, while a tenant of the land now owned by plaintiff, erected an embankment along the north boundary, which was later enlarged and improved by the county (and thereafter known as the county dike). At the same time Marconi constructed a ditch immediately beyond the embankment, and along the south side of Del Amo Street, extending it to the Martz boundary line, thence south several feet on their land. The water flowed through this ditch and onto the Martz land where it was diffused until January, 1926,

when Marconi, then also a tenant of the Martz land, extended the ditch along an embankment, entirely across the Martz property. From that time until 1942 water crossing Del Amo Street in front of plaintiff's property was carried across the Martz land in this ditch.

Plaintiff purchased his land in June, 1942, and in the following August the defendants Martz filled in the ditch on their land. At about the same time they constructed an embankment along their east boundary line and these changes prevented the surface water from flowing onto the Martz land as it had formerly done. The water then accumulated on Del Amo Street and the county cut the dike to prevent it from backing up on the land to the north. Thereafter, in an effort to prevent the water from spreading over plaintiff's land an embankment running southwesterly from the cut in the dike, was erected on his property. During heavy rains in January, 1943, water broke through the embankments on both lands and spread over each property.

The court found that the configuration of the lands was such that the water flowing southward across Del Amo Street naturally flowed over plaintiff's land and that it did not naturally flow over the Martz land.

The principal point urged by plaintiff on this appeal is that regardless of the direction in which the water naturally flowed he had acquired a prescriptive easement by reason of the construction by Marconi in 1924 of the ditch and embankment before mentioned, to have the water diverted from his land onto the Martz property. There was no finding on this issue and it is urged that this failure necessitates a reversal of the judgment.

It is asserted that the plaintiff was not entitled to a finding on this issue because a prescriptive easement was not pleaded. Although the complaint does not specifically allege a prescriptive right for the diversion of the water over the land of the defendants Martz, the allegations of the complaint showed that plaintiff was seeking to establish a right in himself to have the water flow over and onto the Martz lands. The prayer of the complaint asks that plaintiff "be declared to have an easement over said lands of defendants Martz" for the purpose of carrying the water westward. We find no inconsistency between the allegations of the complaint and the prayer, and the latter may therefore be resorted to

in an effort to ascertain plaintiff's theory of action. (*Canby* v. *Council of City of Los Angeles,* 114 Cal.App. 94, 96 [299 P. 732] ; see, also, *United B. & T. Co.* v. *Fidelity & Deposit Co.,* 204 Cal. 460, 465 [268 P. 907] ; *Sullivan* v. *Compton,* 61 Cal. App.2d 500, 503 [143 P.2d 357] ; *McPheeters* v. *McMahon,* 131 Cal.App. 418, 424 [21 P.2d 606].) ▪ Moreover, considerable evidence tending to prove the adverse user was admitted during the trial without objection and it may not now be successfully asserted that the claim of a prescriptive easement was not properly put in issue.

▪ Defendants also argue that plaintiff is not entitled to a finding on the issue of a prescriptive right because there was assertedly no evidence that defendants Martz had actual knowledge of the alleged diversion of water over their land. It is the general rule that open, visible and notorious possession will raise a presumption of notice. (*Chapman* v. *Sky L'Onda etc. Mut. Water Co.,* 69 Cal.App.2d 667, 678-679 [159 P.2d 988] ; *Wood* v. *Davidson,* 62 Cal.App.2d 885, 889-890 [145 P.2d 659] ; to the same effect are: *Bernstein* v. *Dodik,* 129 Cal.App. 454, 458 [18 P.2d 983] ; *Schudel* v. *Hertz,* 125 Cal.App. 564, 570 [13 P.2d 1008] ; *Gurnsey* v. *Antelope Creek etc. W. Co.,* 6 Cal.App. 387, 391 [92 P. 326] ; 2 C.J.S. § 41, p. 554.) The location of the ditch and embankment running across the Martz property was about 150 feet south of Del Amo Street. A fact-finding body could therefore have inferred that they were visible not only on the property itself, but from Del Amo Street and from a farm road running along the east boundary of the Martz property. Moreover, several witnesses who lived in the neighborhood during the time the prescriptive easement allegedly accrued testified they knew of the flow of the waters over the Martz property. One of them stated he had seen plaintiff's predecessors in title cleaning out the ditches on the Martz land. All this evidence tended to show that the alleged easement was "visible, open and notorious," within the import of the rule just referred to.

▪ Although a person has no right to divert surface waters onto his neighbor's land, if he does so for the period of time required to establish a right by adverse possession it may ripen into an easement by prescription. (*Naporra* v. *Weckwerth,* 178 Minn. 203 [226 N.W. 569, 570, 65 A.L.R. 124] ; *Crumbaugh* v. *Mobile & O. R. Co.,* 105 Miss. 485 [62 So. 233] ; see, also, *Galbreath* v. *Hopkins,* 159 Cal. 297, 301 [113 P. 174] ; *Learned* v. *Castle,* 78 Cal. 454, 461 [18 P. 872, 21 P.

11]; *Grigsby* v. *Clear Lake Water Co.,* 40 Cal. 396, 406; *Los Angeles Brick etc. Co.* v. *City of Los Angeles,* 60 Cal.App. 2d 478, 486 [141 P.2d 46]; *Darr et al.* v. *Carolina Aluminum Co.,* 215 N.C. 768 [3 S.E.2d 434, 437]; Gould on Waters (3d ed.) § 279, p. 555; 3 Kinney, Irrig. and Water Rts. (2d ed.), p. 2969; 17 Am.Jur. 986; 26 Cal.Jur. 289-290; 25 Cal.Jur. 1193.)

In view of the evidence in the record tending to support plaintiff's claim of an easement by prescription, he was entitled to a finding on this issue. Since the determination of this question may affect other issues, the entire cause should be remanded for a retrial, and a discussion of points relating to the rights and obligations of other defendants is not presently necessary.

Judgment reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondents' petition for a rehearing was denied September 19, 1946.