[Civ. No. 18696.   First Dist., Div. Two.   Feb. 25, 1960.]

PARLIER FRUIT COMPANY (a Corporation), Appellant, v. FIREMAN'S FUND INSURANCE COMPANY (a Corporation) et al., Respondents.

Winston Churchill Black for Appellant.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson and Augustus Castro for Respondents.

DRAPER, J.—Plaintiff's packing house was destroyed by fire in 1952. This action was brought to recover upon policies of fire insurance covering the packing house and its contents, as well as on oral "binder coverages," allegedly issued by a general agent for six defendant insurers, covering use and occupancy loss. On the first trial, judgment was in favor of plaintiff as to the fire insurance, and in favor of defendants on the binder coverages. The judgment for plaintiff was affirmed on appeal, and that in favor of defendants was reversed. (*Parlier Fruit Co.* v. *Fireman's etc. Ins. Co.,* 151 Cal.App.2d 6 [311 P.2d 62].) Retrial concerned only the use and occupancy insurance. The trial court determined the form of policy which was contemplated by the parties; that the premium for such policy was $1,950.75; and that plaintiff's use and occupancy loss thereunder was $74,985. Judgment was entered in favor of plaintiff for the latter amount plus interest, less, however, the amount of the annual premium. Plaintiff appeals, contending only that the premium of $1,950.75 should not have been deducted.

Plaintiff's principal argument is that defendants cannot have this offset because they failed to assert it by way

of counterclaim or cross-complaint. But defendants introduced evidence establishing the premium for a policy of the type upon which recovery is here allowed, and showing that such a policy would be issued only upon payment of the annual premium at the outset. Plaintiff not only failed to object to this testimony, or to move to strike it, but cross-examined at length in an attempt to establish a short rate premium charge. The general rule that "(a)n unpleaded issue tried without objection becomes an issue in the case" (*Smith* v. *Smith*, 115 Cal.App.2d 92, 99 [251 P.2d 720]; see also *Hails* v. *Martz*, 28 Cal.2d 775 [172 P.2d 52]) has been applied to such unpleaded defenses as the statute of limitations (*Jones* v. *Pleasant Valley Canal Co.*, 44 Cal.App.2d 798, 806-807 [113 P.2d 289], laches (*Matteson* v. *Bank of Italy*, 97 Cal.App. 643, 649 [275 P. 998]), and contributory negligence (*Moeller* v. *Packard*, 86 Cal.App. 459, 460 [261 P. 315]). In the case at bar, the existence of plaintiff's right to issuance of a definite insurance policy under the "binder coverage" was at the heart of its case. Plaintiff could not have the benefits of such a policy without its burdens. In such situation, it is both proper and fair to hold that plaintiff made the premium offset an issue by permitting and participating in the presentation of evidence as to the propriety and amount of that charge.

■ Plaintiff argues that the action is upon the binder coverages, and not upon the policies. Thus, it says, the premium charged for the policy is not recoverable. But the evidence before us shows that no separate charge is made for the binder. Rather, the policy, when issued, is dated back to the time the binder coverage issued. The premium charged for the policy then pays for the binder as well. It is implicit in the decision on the former appeal that the binder coverage, alone, does not supply the basis for plaintiff's recovery. Rather, the binder is made sufficiently certain to support a recovery only by referring to a specific form of policy which the binder requires the companies to issue. Plaintiff's contention is without merit.

■ Finally, plaintiff argues that the binder, or the policy if issued, could have been cancelled by plaintiff. The short answer is that there was no such cancellation. Further, if such cancellation had been attempted after the fire, plaintiff could have recovered a proportion of the premium only "after deducting from the whole premium any claim for loss or damage under the policy which has previously accrued"

(Ins. Code, § 481). Its recovery under the policy far exceeds the total premium, and thus it could not claim a refund of any portion of the premium.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 25, 1960, and appellant's petition for a hearing by the Supreme Court was denied April 20, 1960. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.